234 P.3d 187 (2010)
Nancy N. WAPLES and Mark Waples, husband and wife and their marital community thereof, Petitioners,
v.
Peter H. YI, DDS and Jane Doe Yi, husband and wife and their marital community thereof, d/b/a/ Lakewood Dental Clinic, and Dr. Peter H. Yi, DDS, PS, a Washington Corporation, Respondents.
Linda Cunningham and Downey C. Cunningham, a marital community, Appellants,
v.
Ronald F. Nicol, M.D.; Valley Radiologists, Inc., PS and Multicare Health System, Inc., d/b/a Covington Multicare Clinic, Respondents.
Nos. 82142-9, 82973-0.
Supreme Court of Washington, En Banc.
Argued February 25, 2010.
Decided July 1, 2010.
*188 Jerald D. Pearson, The Pearson Law Firm, Snoqualmie, WA, Edward C. Harper, Harper Law, P.L.L.C., Kirkland, WA, George Alan Steele, George A. Steele Attorney at Law, Shelton, WA, for Appellants.
John A. Rosendahl, Timothy Lee Ashcraft, Williams Kastner & Gibbs, Tacoma, WA, Mary H. Spillane, Daniel W. Ferm, Williams Kastner & Gibbs, P.L.L.C., John Cornelius Versnel, III, Vanessa Vanderbrug, Lawrence & Versnel, P.L.L.C., Seattle, WA, for Respondents.
Mary H. Spillane, Daniel W. Ferm, Williams Kastner & Gibbs, P.L.L.C., Seattle, WA, amicus counsel for Physicians Insurance a Mutual Company & Washington State Medical Association.
Stewart Andrew Estes, Keating, Bucklin & McCormack, Inc., P.S., Erin Healy Hammond, Fain Anderson VanDerhoef, P.L.L.C., Seattle, WA, amicus counsel for Washington Defense Trial Lawyers.
Bryan Patrick Harnetiaux, Attorney at Law, Spokane, WA, George M. Ahrend, Ahrend Law Firm, P.L.L.C., Moses Lake, WA, amicus counsel for Washington State Association for Justice Foundation.
C. JOHNSON, J.
¶ 1 This case involves a challenge to the constitutionality of former RCW 7.70.100(1) (2006),[1] which requires a plaintiff to provide health care providers with 90 days' notice of the plaintiff's intention to file a medical malpractice suit. This notice requirement is one of two requirements instituted by the legislature in an effort to provide potential medical malpractice plaintiffs with incentives to settle cases before resorting to court. The second, codified as RCW 7.70.150, required plaintiffs to obtain and file with the complaint a certificate of merit from a medical expert. We recently held that the certificate of merit requirement was unconstitutional, violating both the separation of powers and the right of access to courts. Putman v. Wenatchee Valley Med. Ctr., 166 Wash.2d 974, 216 P.3d 374 (2009).
¶ 12 In these consolidated cases, Nancy Waples seeks reversal of a published Court of Appeals' decision affirming the dismissal of her medical malpractice suit against her dentist, Peter Yi, DDS, PS.[2] The suit was dismissed based on Waples's failure to give notice as required by the statute. Waples concedes she did not provide the required notice, but argues, among other things, that the requirement is unconstitutional under Putman.
¶ 3 Similarly, Linda Cunningham seeks reversal of a trial court order dismissing her medical malpractice suit against her radiologist, Dr. Ronald Nicol.[3] Cunningham also did not provide the required notice and, like Waples, argues that the requirement is unconstitutional under Putman. We agree that *189 the notice requirement of RCW 7.70.100(1) is unconstitutional because it violates the separation of powers.[4] We reverse both the Court of Appeals in Waples and the trial court in Cunningham and remand for further proceedings.

FACTS AND PROCEDURAL HISTORY

Waples
¶ 14 On September 16, 2003, Waples received dental treatment from Yi. On September 5, 2006, Waples filed a complaint against Yi seeking damages arising from her treatment, alleging that he allowed his staff to administer Novocain negligently, causing her to suffer physical disability, pain, and partial paralysis. On September 14, 2006, Waples served Yi with a copy of the summons and complaint.
¶ 5 Yi moved for summary judgment and sought dismissal of Waples's claims for failure to comply with the notice requirement of RCW 7.70.100(1). Waples did not dispute that she failed to comply with the statute but instead argued that the notice requirement is not mandatory and that noncompliance is excused because the mediation procedures contemplated by RCW 7.70.100(3) through (7) were not in place at the time the action was commenced.[5] After hearing oral argument, the trial court dismissed the action for noncompliance with the notice requirement and Waples appealed.
¶ 6 At the Court of Appeals, Waples made the same statutory construction arguments made below but also contended that RCW 7.70.100(1) violates equal protection under article I, section 12 of the Washington Constitution. Division Two affirmed the dismissal of Waples's suit, holding that the notice requirement of RCW 7.70.100(1) required strict compliance, that Waples failed to strictly comply, and that the statute did not violate equal protection under rational basis review. Waples v. Yi, 146 Wash.App. 54, 189 P.3d 813 (2008).
¶ 7 We granted Waples's petition for review.

Cunningham
¶ 8 On August 24, 2000, radiology specialist Nicol took an MRI (magnetic resonance imaging) image of Cunningham's brain and prepared a report indicating that the imaging studies were normal. In February 2008, Cunningham learned that she required invasive surgery to treat several brain tumors and that the 2000 imaging studies were in fact not normal, but had shown abnormalities of an extra-axial tumor mass. On August 4, 2008, Cunningham served a notice of intent to sue Nicol, but to avoid the 8-year statute of repose, filed suit 16 days later on August 20.
¶ 9 Like Yi, Nicol moved for summary judgment and sought dismissal of Cunningham's claims for failure to comply with the notice requirement of RCW 7.70.100(1). Cunningham did not dispute that she failed to comply with the statute, and at the time, specifically conceded the validity of the statute of repose. Cunningham Clerk's Papers at 162 ("the validity of the subject statute of repose is beyond challenge"). Rather, she sought a continuance pending our decision in Putman or, alternatively, a declaratory ruling or summary judgment in her favor. After hearing oral argument, the trial court granted the motion to dismiss the action for noncompliance with the notice requirement and denied Cunningham's motions.
¶ 10 Cunningham appealed the order granting the motion to dismiss directly to this court. We accepted review and consolidated Cunningham's case with Waples. Waples v. Yi, 165 Wash.2d 1031, 203 P.3d 382 (2009).

*190 ISSUE
¶ 11 Does the notice requirement of RCW 7.70.100(1) violate the separation of powers doctrine?

ANALYSIS
¶ 12 As we recognized in Putman:
The Washington State Constitution does not contain a formal separation of powers clause, but "`the very division of our government into different branches has been presumed throughout our state's history to give rise to a vital separation of powers doctrine.'" Brown v. Owen, 165 Wash.2d 706, 718, 206 P.3d 310 (2009) (quoting Carrick v. Locke, 125 Wash.2d 129, 135, 882 P.2d 173 (1994)). The doctrine of separation of powers divides power into three coequal branches of government: executive, legislative, and judicial. City of Fircrest v. Jensen, 158 Wash.2d 384, 393-94, 143 P.3d 776 (2006). The doctrine "`does not depend on the branches of government being hermetically sealed off from one another'" but ensures "that the fundamental functions of each branch remain inviolate." Hale v. Wellpinit Sch. Dist. No. 49, 165 Wash.2d 494, 504, 198 P.3d 1021 (2009) (quoting Carrick, 125 Wash.2d at 135 [882 P.2d 173]). If "`the activity of one branch threatens the independence or integrity or invades the prerogatives of another,'" it violates the separation of powers. Jensen, 158 Wash.2d at 394 [143 P.3d 776] (internal quotation marks omitted) (quoting State v. Moreno, 147 Wash.2d 500, 505-06, 58 P.3d 265 (2002)).
Some fundamental functions are within the inherent power of the judicial branch, including the power to promulgate rules for its practice. If a statute appears to conflict with a court rule, this court will first attempt to harmonize them and give effect to both, but if they cannot be harmonized, the court rule will prevail in procedural matters and the statute will prevail in substantive matters.
Putman, 166 Wash.2d at 980, 216 P.3d 374 (citations omitted). The crux of the separation of powers issue in Putman was whether RCW 7.70.150 could be harmonized with this court's rules. After concluding that medical malpractice proceedings are not special proceedings and are therefore not exempt from the civil rules, we held that RCW 7.70.150 conflicted with the pleading requirements of CR 8 and 11, that this conflict involved procedural law and not substantive law, and that the certificate of merit requirement thereby encroached upon the judiciary's power to set court rules.
¶ 13 Waples and Cunningham contend that Putman controls here. They argue that the notice requirement of RCW 7.70.100(1) irreconcilably conflicts with the commencement requirements of CR 3(a), that this conflict involves procedural law, and that the notice requirement thereby encroaches upon the judiciary's power to set court rules. Respondents argue that Putman does not apply and that RCW 7.70.100(1) does not violate the separation of powers.
¶ 14 Putman considered whether RCW 7.70.150 conflicted with the pleading requirements of CR 8 and 11, and whether that conflict involved procedural law or substantive law. Similarly, here we must consider whether RCW 7.70.100(1) conflicts with the commencement provisions of CR 3(a) and whether that conflict involves procedural law or substantive law.
¶ 15 Waples and Cunningham argue that RCW 7.70.100(1), like RCW 7.70.150, conflicts with this court's rules because the notice requirement fundamentally changes the procedures for the commencement of a civil action under CR 3(a). In Putman, we concluded that RCW 7.70.150 conflicted with CR 8 and 11:
First, RCW 7.70.150 conflicts with CR 11 because it requires the attorney to submit additional verification of the pleadingsa requirement that CR 11 explicitly limits to "dissolution of marriage, separation, declarations concerning the validity of a marriage, custody, and [related modifications]." CR 11(a). Second, RCW 7.70.150 conflicts with CR 8 and our system of notice pleading, which requires only "a short and plain statement of the claim" and a demand for relief in order to file a lawsuit. CR 8(a). Under notice pleading, plaintiffs use the discovery process to uncover *191 the evidence necessary to pursue their claims. John Doe [v. Puget Sound Blood Ctr.], 117 Wash.2d [772,] 782[, 819 P.2d 370 (1991)]. The certificate of merit requirement essentially requires plaintiffs to submit evidence supporting their claims before they even have an opportunity to conduct discovery and obtain such evidence. For that reason, the certificate of merit requirement fundamentally conflicts with the civil rules regarding notice pleadingone of the primary components of our justice system.
Putman, 166 Wash.2d at 983, 216 P.3d 374 (first alteration in original). A similar comparison of RCW 7.70.100(1) with CR 3(a) leads to the same conclusion.
CR 3(a) provides in pertinent part:
Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint.
(Emphasis added.) In contrast, the pertinent language of RCW 7.70.100(1) provides:
No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action.
(Emphasis added.) Requiring notice adds an additional step for commencing a suit to those required by CR 3(a). And, failure to provide the notice required by RCW 7.70.100(1) results in a lawsuit's dismissal, as it did here, even where the complaint was properly filed and served pursuant to CR 3(a).
¶ 16 Respondents attempt to distinguish Putman, contending that the certificate of merit requirement changes the procedures for filing pleadings in a lawsuit, while the notice requirement does not impose any pleading requirements. But the analysis of Putman is not so limited. There, we held that the addition of legislative requirements to the court rules for filing suit was unconstitutional. We based our conclusion on the fact that the statutory certificate of merit requirement involved procedures and not substantive rights "because it addresses how to file a claim to enforce a right provided by law .... The statute does not address the primary rights of either party; it deals only with the procedures to effectuate those rights. Therefore, it is a procedural law and will not prevail over the conflicting court rules." Putman, 166 Wash.2d at 984-85, 216 P.3d 374 (citation omitted).
¶ 17 We make the same holding here. The conflict between RCW 7.70.100(1) and CR 3(a) cannot be harmonized and both cannot be given effect. If a statute and a court rule cannot be harmonized, the court rule will generally prevail in procedural matters and the statute in substantive matters. "Substantive law `creates, defines, and regulates primary rights,' while procedures involve the `operations of the courts by which substantive law, rights, and remedies are effectuated.'" Putman, 166 Wash.2d at 984, 216 P.3d 374 (internal quotation marks omitted) (quoting Jensen, 158 Wash.2d at 394, 143 P.3d 776). Like RCW 7.70.150, RCW 7.70.100(1) does not address the primary rights of either party and deals only with the procedures to effectuate those rights. Therefore, RCW 7.70.100(1) involves procedural law and will not prevail over CR 3(a).

CONCLUSION
¶ 18 The notice requirement of RCW 7.70.100(1) irreconcilably conflicts with the commencement requirements of CR 3(a) and is unconstitutional because it conflicts with the judiciary's power to set court procedures. We therefore reverse the Court of Appeals in Waples and the trial court in Cunningham and remand for further proceedings.
WE CONCUR: GERRY L. ALEXANDER, RICHARD B. SANDERS, TOM CHAMBERS, SUSAN OWENS, and DEBRA L. STEPHENS, Justices.
J.M. JOHNSON, J. (dissenting).
¶ 19 The 90-day notice before filing suit requirement of former RCW 7.70.100(1) (2006)[1] does not irreconcilably conflict with the requirements to commence suit under *192 CR 3(a). The legislature enacted the short notice before suit to "provide incentives to settle cases before resorting to court," Laws of 2006, ch. 8, § 1, not to modify court-prescribed procedures. The legislation can be readily harmonized with CR 3(a) so as to give effect to both provisions (and protect the legitimate interests underlying each). Accordingly, I would hold that the notice requirement of RCW 7.70.100(1) does not violate court rules or the separation of powers and therefore would affirm the Court of Appeals in Waples and the trial court in Cunningham. Because the majority erroneously holds to the contrary, I dissent.

ANALYSIS
¶ 20 The majority is correct that "`[i]f a statute appears to conflict with a court rule'" and the two "`cannot be harmonized, the court rule will prevail in procedural matters.'" Majority at 190 (quoting Putman v. Wenatchee Valley Med. Ctr., 166 Wash.2d 974, 980, 216 P.3d 374 (2009)). However, there is no such conflict here. As I observed above, the notice requirement of RCW 7.70.100(1) prior to filing suit does not irreconcilably conflict with the court rule that outlines the procedure for commencing suit, CR 3(a). Quite the opposite, the two can coexist harmoniously.
¶ 21 A close comparison of the language of CR 3(a) and the statutory notice requirement is appropriate. The rule reads, in relevant part:
Except as provided in rule 4.1, a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint.
CR 3(a).[2] It bears emphasis that this court rule prescribes how an action is to be commenced.
¶ 22 In contrast, the statute, RCW 7.70.100(1), states that a notice period is required before suit is commenced in certain cases:
No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action.
This statute does not prescribe how such an action will be commenced. Nor does it alter the procedure for commencement under CR 3(a). Rather, the statute creates a prerequisite to litigation: notice and a short time for resolution that must be completed prior to initiating the CR 3(a) procedure in a medical malpractice action.
¶ 23 This prerequisite does not irreconcilably conflict with CR 3(a). A litigant will still commence suit by filing a complaint or by serving the opposing party with copies of a summons and a complaint. RCW 7.70.100(1) does not require the litigant to do anything else in order to commence his suit; it merely requires that he give the opposing party 90 days' notice before commencing. Thus, the CR 3(a) commencement procedure and the notice requirement are not incompatible and both provisions can be given effect. A plaintiff must give notice to a potential defendant pursuant to RCW 7.70.100(1), wait 90 days, and thereafter commence suit as prescribed in CR 3(a), the procedures of which are unchanged by RCW 7.70.100(1).
¶ 24 There being no conflict between the statutory notice requirement and CR 3(a), we need not strike the statute because of a conflict with a court rule as we did in Putman. In that case, we held that RCW 7.70.150 directly conflicted with the pleading requirements of CR 8 and CR 11. Putman, 166 Wash.2d at 983, 216 P.3d 374. RCW 7.70.150 required a plaintiff in a medical malpractice action to obtain a certificate of merit from a medical professional and to file that certificate with his complaint. No complaint could be filed without a separate certificate (for each cause of action). This, we found, conflicted with the civil rules that governed pleadings, CR 8 and 11. Relevant excerpts of those rules read:
A pleading ... shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief and (2) a *193 demand for judgment for the relief to which he deems himself entitled.
CR 8(a).
Every pleading, motion, and legal memorandum of a party represented by an attorney shall be dated and signed by [the] attorney .... Petitions for dissolution of marriage, separation, declarations concerning the validity of a marriage, custody, and modification of decrees issued as a result of any of the foregoing petitions shall be verified. Other pleadings need not, but may be, verified ....
CR 11(a). In Putman, the court held that RCW 7.70.150 modified the rules by requiring a certificate of merit in addition to the "`short and plain statement of the claim'" described in CR 8(a) and by requiring this expert certification when CR 11(a) specified that proceedings other than those concerning particular marital and custodial matters need not be verified. Putman, 166 Wash.2d at 983, 216 P.3d 374. The additional statutory requirement to file a complaint "fundamentally conflict[ed] with the civil rules regarding notice pleading." Id. Moreover, by "essentially requir[ing] plaintiffs to submit evidence supporting their claims before they even ha[d] an opportunity to conduct discovery and obtain such evidence," id., the certificate of merit requirement had the potential to subvert the court-prescribed sequence of trial, which generally allows discovery only after commencement of suit, thereby further conflicting with the rules of our court system.
¶ 25 The court deemed these conflicts too serious to be harmonized: a litigant could not file a pleading containing only a "short and plain statement" of his claim if RCW 7.70.150 also required the pleading to contain a certificate of merit, nor could a litigant have the option of filing without having his complaint verified if the statute required that a medical expert certify its merit. Faced with such irreconcilable conflicts on matters of court procedure, which the judiciary establishes, this court struck down RCW 7.70.150 in favor of CR 8 and CR 11. Id.
¶ 26 We need not, however, strike down RCW 7.70.100(1) on similar grounds. Putman is distinguishable because, as explained above, no irreconcilable conflict exists between CR 3(a) and the notice requirement of RCW 7.70.100(1). The statutory notice requirement does not prevent a litigant from commencing his suit pursuant to the procedures of CR 3(a), and he will indeed do so if the suit is not averted during the notice period. It does not insert a new procedure into CR 3(a) as RCW 7.70.150 did with respect to CR 8 and CR 11. Nor does it subvert the sequence of discovery and trial prescribed by court rule. Rather, the notice requirement shifts that sequence forward in time by 90 days (and may make some cases and trials unnecessary). The commencement of trial will proceed in the same way, as prescribed by CR 3(a), after the expiration of that resolution/settlement time period. RCW 7.70.100(1) and CR 3(a) thus are able to coexist harmoniously such that we can and shouldgive effect to both our court rule and the legislation.
¶ 27 This conclusion appears even more sensible when one considers the fact that presuit notice requirements often have been legislatively adopted and upheld in many other contexts. See, e.g., RCW 4.96.020(4) (requiring 60 days' notice prior to commencement of tort action brought against government agency); RCW 26.18.070(2)(d) (requiring 15 days' notice prior to commencement of action seeking mandatory wage assignment for overdue child support); RCW 64.50.020(1) (requiring 45 days' notice prior to commencement of construction defect action brought against construction professional); RCW 70.105D.050(5)(a) (requiring 30 days' notice prior to commencement of civil action for hazardous waste cleanup); 29 U.S.C. § 626(d) (requiring 60 days' notice prior to commencement of action under the Age Discrimination in Employment Act of 1967).
¶ 28 It is significant that none of these long standing notice requirements has been invalidated by this court for irreconcilably conflicting with the commencement procedures of CR 3(a), despite the fact that each requires plaintiffs to do the same as RCW 7.70.100(1)that is, provide notice of their intent to sue, wait a certain number of days, *194 hopefully encouraging settlement, and only then commence litigation under CR 3(a).
¶ 29 However, I also note with concern that existing statutory notice requirements may be vulnerable to invalidation if we extend the majority's reasoning in the present case to these systems. Such a result would be a greater violation of the separation of powers and a greater disregard of the legislature's legitimate role than that which the majority purports to find in RCW 7.70.100(1). Invalidating such a broad swath of legislative enactments requires the judiciary to invade the legislature's authority to promote settlement and ensure efficiency in many types of civil actions, including causes of action created by the legislature itself. See, e.g., Laws of 1993, ch. 449, § 1 (purpose of chapter 4.96 RCW is "to provide a single, uniform procedure for bringing a claim for damages against a local governmental entity"); RCW 26.18.010 (legislative finding that "stronger and more efficient statutory remedies need to be established" in child support and other family law actions); Laws of 2006, ch. 8, § 1 (purpose of RCW 7.70.100(1) is, in part, to "provide incentives to settle cases before resorting to court, and to provide the option of a more fair, efficient, and streamlined alternative to trials for those for whom settlement negotiations do not work").
¶ 30 Statutory notice requirements have been upheld by courts in other jurisdictions in the same medical malpractice context as the cases herein. The Supreme Court of Mississippi, for example, upheld a 60-day medical malpractice notice requirement as consistent with the separation of powers under its state constitution. Thomas v. Warden, 999 So.2d 842, 847 (Miss.2008). In doing so, it distinguished legislatively enacted prerequisites to suit from legislatively enacted court procedures that affect case management after filing, approving of the former:
While it is true that the rules governing litigation in Mississippi courts are within this Court's purview, [the] notice requirement is a pre-suit prerequisite to a claimant's right to file suit. ... The Legislature's authority to make law gives way to this Court's rule-making authority when the suit is filed, not before.
Id. This result was supported by the court's reasoning in a contemporaneous case addressing medical malpractice legislation, in which it observed that "pre-suit requirements are clearly within the purview of the Legislature, and do not encroach upon this Court's rule-making responsibility." Wimley v. Reid, 991 So.2d 135, 139 (Miss.2008). "Indeed," the court concluded simply, "the Legislature has authority to establish presuit requirements as a condition precedent to filing particular kinds of lawsuits." Id.; accord Neal v. Oakwood Hosp. Corp., 226 Mich.App. 701, 721, 575 N.W.2d 68 (1997) (holding that a 182-day medical malpractice notice requirement did not violate separation of powers).
¶ 31 Several other courts also have found analogous limitations on litigation for medical malpractice to be consistent with the separation of powers. See, e.g., Smart v. W. Jefferson Med. Ctr., 28 So.3d 1119 (La.App.2009) (statute requiring filing fees for medical malpractice actions did not violate separation of powers because imposition of fees is not a judicial function); Estate of McCall v. United States, 663 F.Supp.2d 1276, 1306 (N.D.Fla. 2009) (cap on noneconomic medical malpractice damages did not violate separation of powers because it did not impermissibly interfere with function of judiciary); N.J. State Bar Ass'n v. State, 387 N.J.Super. 24, 50, 902 A.2d 944 (2006) (statute allowing judge to require dispute resolution prior to trial for medical malpractice actions did not violate separation of powers); Judd v. Drezga, 103 P.3d 135, 145 (Utah 2004) (cap on medical malpractice damages did not violate separation of powers); Evans ex rel. Kutch v. State, 56 P.3d 1046, 1056 n. 58 (Alaska 2002) (same); Etheridge v. Med. Ctr. Hosps., 237 Va. 87, 101, 376 S.E.2d 525 (1989) (same); Zdrojewski v. Murphy, 254 Mich.App. 50, 81-82, 657 N.W.2d 721 (2002) (cap on noneconomic medical malpractice damages did not violate separation of powers because it was based on policy considerations other than regulating procedural operations of the judiciary).[3]
*195 ¶ 32 These cases show that courts elsewhere in the nation recognize that state legislatures, under the separation of powers, play a relatively strong role in managing the problems created by excessive medical malpractice and other litigation. Indeed, these are problems that legislatures, not courts, can address.
¶ 33 We should do the same here and thus give effect to the complicated legislative compromise reached by our legislators, governor, trial lawyers, physicians, hospital administrators, and government staff in 2006after two initiatives on the subject were defeated. These laws were expressly adopted to address "one of the most important issues facing the citizens of Washington state." Laws of 2006, ch. 8, § 1; see also Br. of Amicus Curiae Wash. Defense Trial Lawyers, Waples v. Yi, No. 82142-9, at 4-10 (describing and quoting extensively from the discussions that led to the compromise). Part of this compromise has already been eviscerated in Putman. To strike down RCW 7.70.100(1) as well further eviscerates the legislative package such that it can no longer properly be called a compromise. This is not what the legislature, the governor, or those other "good faith" parties at the negotiating table agreed to, and we would be wise to avoid such a dramatic legislative revision.
¶ 34 The majority's reluctance to respect the efforts of the executive and legislative branches to address the malpractice crisis puts these separate constitutional powers in a difficult position of finding ways to manage problems caused by a crisis without affecting our court rules. Since the persistence of excessive court proceedings in the medical malpractice context is the difficulty, this is an extremely challenging task. We should not render it hopeless. We could avoid this dilemma by adopting a court rule explicitly enforcing the statute in question. Cf. David v. Sternberg, 272 Mich.App. 377, 384-85, 726 N.W.2d 89 (2006) (holding a similar medical malpractice statute consistent with separation of powers because the supreme court adopted a rule enforcing it). But to me, judicial "enactment" of legislative prerogatives creates a greater separation of powers problem than the majority concludes is presented by RCW 7.70.100(1).

CONCLUSION
¶ 35 The presuit notice requirement of RCW 7.70.100(1) does not conflict with the court procedures for commencing suit prescribed in CR 3(a). The former addresses what must happen before a litigant files suit, and the latter addresses what must happen when suit is commenced pursuant to the court rules. These two provisions can coexist harmoniously. Because we can better respect the separation of powers by reconciling them, I respectfully dissent.
WE CONCUR: BARBARA A. MADSEN, Chief Justice and MARY E. FAIRHURST, Justice.
NOTES
[1] The legislature amended RCW 7.70.100(1) in 2007, but the provisions at issue here were unchanged. Unless noted otherwise, further reference to RCW 7.70.100(1) is to the former statute.
[2] Waples v. Yi, 146 Wash.App. 54, 189 P.3d 813 (2008).
[3] Cunningham appealed the trial court's dismissal directly to this court.
[4] Because we hold that the notice requirement violates the separation of powers, we do not reach the Waples's and Cunningham's arguments that the notice requirement (1) is not mandatory, (2) violates the privileges and immunities clause under article I, section 12 of the Washington State Constitution, (3) violates the open courts clause under article I, section 10 of the Washington State Constitution, (4) violates the equal protection clauses of the state and federal constitutions, and (5) violates the due process clauses of the state and federal constitutions.
[5] The mediation procedures contemplated by RCW 7.70.100 were established by CR 53.4 and became effective September 1, 2007.
[1] Like the majority, we refer to the former RCW 7.70.100(1) throughout this opinion.
[2] CR 4.1 provides a different procedure for those actions authorized under chapter 26.09 RCW marital dissolution and legal separation proceedings.
[3] Cf. RCW 7.70.100(3) (subjecting medical malpractice suits to mandatory mediation); RCW 7.70.100(4) (requiring the supreme court to adopt rules implementing such mediation).