
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| SARAH A. EVISON, a single woman, | ) | No. 70491-5-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID VOSSLER, M.D., individually, | ) | |
| and as a member of a marital | ) | |
| community composed of David Vossler | ) | |
| and Jane Doe Vossler; and VALLEY | ) | UNPUBLISHED OPINION |
| MEDICAL CENTER - KING COUNTY | ) | |
| PUBLIC HOSPITAL DISTRICT NO. 1, | ) | |
| | ) | |
| Respondents, | ) | |
| | ) | |
| GLAXOSMITHKLINE, LLC, a foreign | ) | |
| limited liability company; and DSM | ) | |
| PHARMACEUTICALS, INC., a foreign | ) | |
| corporation, | ) | |
| | ) | |
| Defendants. | ) | FILED: September 29, 2014 |

SCHINDLER, J. — In Waples v. Yi, 169 Wn.2d 152, 234 P.3d 187 (2010), the court

invalidated the statutory 90-day presuit notice requirement of former RCW 7.70.100(1)

(2007) for lawsuits against medical providers. Waples, 169 Wn.2d at 160-61. On

March 9, 2012, Sarah A. Evison filed a lawsuit against drug manufacturers

GlaxoSmithKline LLC and DSM Pharmaceuticals Inc.,[1] and David Vossler MD and

---

[1] GlaxoSmithKline and DSM Pharmaceuticals, manufacturers of the antiepileptic drug Lamictal, are not parties to the appeal.

Valley Medical Center – King County Public Hospital District No. 1 (Valley), alleging negligent prescription and treatment that resulted in her permanent vision loss.

After Evison filed the lawsuit, the Washington Supreme Court held that as applied to the state and local governmental entities, the statutory 90-day presuit notice requirement was constitutional under article II, section 26 of the Washington State Constitution. McDevitt v. Harborview Med. Ctr., 291 P.3d 876, 883 (2012). The trial court granted summary judgment dismissal of the lawsuit against Valley for failure to file a 90-day presuit notice of intent to sue under former RCW 7.70.100(1) (2007). Evison filed an appeal.

During the pendency of the appeal, the Supreme Court withdrew the decision in McDevitt, 291 P.3d 876 (2012), and issued a new opinion. In McDevitt v. Harborview Medical Center, 179 Wn.2d 59, 316 P.3d 469 (2013), the court held that because the plaintiff reasonably relied on Waples, the decision that the 90-day presuit notice requirement applied to medical malpractice actions against the state and local governmental entities "merits prospective-only application and will not apply to this case." McDevitt, 179 Wn.2d at 63. Because the record shows that Evison also reasonably relied on the decision in Waples, we reverse dismissal of the lawsuit against Valley for failure to file a notice of intent to file suit, and remand.

Statutory Presuit Notice Requirement

In 2006, the legislature amended the act governing medical malpractice actions against health care providers, chapter 7.70 RCW. As amended, former RCW 7.70.100 (2006) required a plaintiff to serve a health care provider with a 90-day notice of the

intent to file a lawsuit. LAWS OF 2006, ch. 8, § 314. Former RCW 7.70.100(1) (2006) states, in pertinent part:

> No action based upon a health care provider's professional negligence may be commenced unless the defendant has been given at least ninety days' notice of the intention to commence the action. If the notice is served within ninety days of the expiration of the applicable statute of limitations, the time for the commencement of the action must be extended ninety days from the service of the notice.

See LAWS OF 2006, ch. 8, § 314.[2] Former RCW 7.70.150 (2006) also required a plaintiff to file a certificate of merit from a medical expert with the complaint. See LAWS OF 2006, ch. 8, § 304.

In 2006, former RCW 4.92.110 and former RCW 4.96.020 required a plaintiff to file a 60-day presuit notice for all claims against the state and local governmental entities. See LAWS OF 2006, ch. 82, §§ 2, 3. Former RCW 4.92.100 (2006) states all tort claims against the state for damages shall be filed with the risk management division. See LAWS OF 2006, ch. 82, § 1. Former RCW 4.92.110 (2006) states:

> No action shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim is presented to and filed with the risk management division. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

Former RCW 4.96.020(4) (2006) states, in pertinent part:

> No action shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.

---

[2] The legislature amended RCW 7.70.100(1) in 2007 but the 90-day presuit notice requirement remained the same. See LAWS OF 2007, ch. 119, § 1. Unless otherwise noted, reference to RCW 7.70.100(1) is to the former 2007 statute.

In 2009, the legislature amended former RCW 4.92.110 (2006) and former RCW 4.96.020 (2006) to avoid inconsistent presuit notice requirements for medical malpractice actions against the state and local governmental entities. LAWS OF 2009, ch. 433, §§ 1, 3. As amended, the statutes expressly exclude lawsuits against the state and local governmental entities "involving injuries from health care" from the 60-day presuit notice requirement. Former RCW 4.92.100(1) (2009); see also LAWS OF 2009, ch. 433, § 2. The statutes unequivocally state that all medical malpractice claims against the state or local governmental entities shall be "governed solely by the procedures set forth in chapter 7.70 RCW and are exempt from" the requirements of former RCW 4.92.110 (2006) and former RCW 4.96.020(1) (2006). Former RCW 4.92.100(1) (2009); see also LAWS OF 2009, ch. 433, §§ 1, 2.

As amended, former RCW 4.92.100(1) (2009) states, in pertinent part:

> All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, except for claims involving injuries from health care, shall be presented to . . . the risk management division. . . . Claims involving injuries from health care are governed solely by the procedures set forth in chapter 7.70 RCW and are exempt from this chapter.

LAWS OF 2009, ch. 433, § 2.[3]

Former RCW 4.96.020(1) (2009) states, in pertinent part:

> The provisions of this section apply to claims for damages against all local governmental entities and their officers, employees, or volunteers, acting in such capacity, except that claims involving injuries from health care are governed solely by the procedures set forth in chapter 7.70 RCW and are exempt from this chapter.

LAWS OF 2009, ch. 433, § 1.[4]

---

[3] Emphasis in original.
[4] Emphasis in original.

In Putman v. Wenatchee Valley Medical Center, PS, 166 Wn.2d 974, 216 P.3d 374 (2009), the court held that the certificate of merit requirement of former RCW 7.70.150 violated separation of powers principles and the right of access to courts. Putman, 166 Wn.2d at 984-85.

In Waples v. Yi, 169 Wn.2d 152, 234 P.3d 187 (2010), the court adhered to its analysis in Putman and held the 90-day presuit notice requirement of former RCW 7.70.100(1) violated separation of powers principles. Waples, 169 Wn.2d at 160-61. The court held, in pertinent part:

> Requiring [presuit] notice adds an additional step for commencing a suit to those required by CR 3(a). . . .
>
> . . . .
>
> The notice requirement of RCW 7.70.100(1) irreconcilably conflicts with the commencement requirements of CR 3(a) and is unconstitutional because it conflicts with the judiciary's power to set court procedures.

Waples, 169 Wn.2d at 160-61.

During the 2012 legislative session, the legislature amended former RCW 4.92.100(1) (2009) and former RCW 4.96.020 (2009) to remove the exclusion for "claims involving injuries from health care." LAWS OF 2012, ch. 250, §§ 1, 2. Following the effective date of June 7, 2012, all tort actions against the state or local governmental entities are subject to a 60-day presuit notice requirement. SUBSTITUTE S.B. 6187, 62nd Leg., Reg. Sess. (Wash. 2012).

## Lawsuit against Dr. David Vossler and Valley Medical Center

On March 9, 2012, Sarah A. Evison filed a lawsuit against drug manufacturers GlaxoSmithKline LLC and DSM Pharmaceuticals Inc., and David Vossler MD and Valley Medical Center - King County Public Hospital District No. 1 (Valley). That same day, Evison served the Valley administrator with a "Standard Tort Claim Form."

5

The complaint alleged that after 19-year-old Evison suffered a grand mal seizure,[5] she experienced side effects from taking an antiepileptic drug. In July 2008, Evison was referred to Dr. Vossler at the Washington Neuroscience Institute at Valley Medical Center for treatment. Dr. Vossler prescribed another antiepileptic drug, Lamictal.

The complaint alleged that in January 2009, Evison told Dr. Vossler she was experiencing side effects from Lamictal. According to Evison, Dr. Vossler told her the side effects were normal and would gradually go away. Evison alleged she experienced "increasing problems with her memory, her focus, nausea, and stomach pains," and by March, vision problems, including blurred vision and sensitivity to light. The complaint also alleged Dr. Vossler told Evison and her parents the "symptoms would settle down and not to worry." After Evison withdrew from college in March, Dr. Vossler referred Evison to an ophthalmologist. Evison alleged that her previously normal vision had deteriorated to "20/400 bilaterally, with no central vision."

On May 11, 2012, Evison served the summons and complaint for personal injuries and damages on Valley. Valley filed an answer to the complaint. Valley denied liability and asserted a number of affirmative defenses, including failure to comply with the statutory requirement to provide a 90-day presuit notice of intent to file a malpractice lawsuit under former RCW 7.70.100(1).

Valley filed a motion for summary judgment dismissal. Valley argued the decision in Waples did not apply to governmental entities such as a public hospital, and there was no dispute Evison did not comply with the 90-day presuit notice requirement

---

[5] The complaint alleged Evison suffered a "generalized tonic clonic" seizure, or grand mal seizure that affects the entire brain.

6

of former RCW 7.70.100(1). In opposition, Evison argued that because the court in Waples made no distinction between private and governmental entities, the 90-day presuit notice requirement was invalid and did not apply. Evison also argued the 60-day presuit notice requirement for tort claims under former RCW 4.92.100 (2009) and former RCW 4.96.020 (2009) did not apply because the statutes expressly excluded actions against health care providers. The court denied the motion for summary judgment.

On December 18, 2012, Valley filed a "Motion for Summary Judgment Re: Lack of Expert Testimony." Valley noted the motion to be heard on February 1, 2013. Valley argued it was entitled to summary judgment dismissal because Evison had not identified any experts on breach of the standard of care or proximate cause. In support, Valley attached a copy of the complaint and "Defendants David Vossler, M.D. and Valley Medical Center - King County Public Hospital District No. 1's First Set of Interrogatories and Requests for Production to Plaintiff Sarah A. Evison and Answers Thereto." Interrogatory 14 requests identification of the names of expert witnesses. In response, Evison states:

> Experts have not been identified at this time. It is anticipated that certain medical expert(s) will testify as to causation of the injuries and the treatment Sarah Evison received. An Economist will be retained regarding future lost earnings. It is anticipated that certain medical providers may testify as to causation of Sarah Evison's injuries for which they treated. The response to this interrogatory will be supplemented.

Evison filed a CR 56(f) motion to continue the Motion for Summary Judgment Re: Lack of Expert Testimony for 60 to 90 days or until the discovery cutoff on June 24, 2013. Trial was scheduled to begin August 12, 2013, the deadline for disclosure of "Possible Primary Witnesses" was March 11, 2013, and the deadline for disclosure of "Possible Additional Witnesses" was April 22, 2013.

Evison asserted several scheduled depositions had not yet taken place and she was "making arrangements to have all medical records in this case reviewed by a neurologist and also by a neuro-ophthalmologist." In a supplemental declaration, Evison identified an expert she had retained as a consultant and states the medical records had been sent to the expert to review.

Valley filed a response to Evison's motion to continue the Motion for Summary Judgment Re: Lack of Expert Testimony. Valley opposed a continuance, arguing Evison did not show good cause for the delay in obtaining expert testimony.

On December 27, 2012, the Washington State Supreme Court issued the decision in McDevitt v. Harborview Medical Center, 291 P.3d 876. The court held that as applied to the state and local governmental entities, the 90-day presuit notice requirement of former RCW 7.70.100(1) was a constitutional precondition. McDevitt, 291 P.3d at 883. Relying on McDevitt, Valley filed a motion for summary judgment dismissal for failure to comply with the statutory 90-day presuit notice requirement under former RCW 7.70.100(1). Valley noted the motion to be heard at the same time as the Motion for Summary Judgment Re: Lack of Expert Testimony. The court granted the motion to continue the Motion for Summary Judgment Re: Lack of Expert Testimony until April 12, 2013 but ruled, "The motion on the legal issue/[chapter] 7.70 [RCW] is NOT continued. It will be heard this Friday[, February 1]."[6] Following the hearing on February 1, the court dismissed Evison's lawsuit for failure to comply with the 90-day presuit notice requirement under former RCW 7.70.100(1).[7]

---

[6] Emphasis in original.

[7] On February 5, 2013, Evison dismissed DSM Pharmaceuticals, and on May 24, 2013, Evison dismissed GlaxoSmithKline.

8

Evison appealed. While the appeal was pending, the Washington Supreme Court granted reconsideration in McDevitt to decide whether "the decision should be given only prospective application." Order Granting Motion for Reconsideration, McDevitt v. Harborview Med. Ctr., No. 85367-3, at 1 (Wash. June 13, 2013).

On November 14, 2013, the court withdrew the decision in McDevitt, 291 P.3d 876 (2012), and issued McDevitt v. Harborview Medical Center, 179 Wn.2d 59, 316 P.3d 469. Order Withdrawing Previous Opinion and Substituting New Opinion, McDevitt v. Harborview Med. Ctr., No. 85367-3, at 1 (Wash. Nov. 14, 2013). The court held that under article II, section 26 of the Washington State Constitution, the 90-day presuit notice requirement of former RCW 7.70.100(1) applied to medical malpractice lawsuits against the state and local governmental entities. McDevitt, 179 Wn.2d at 76. The court explains that in Waples, it "did not have occasion to consider the constitutionality of the statute in light of article II, section 26, as applied in cases against state defendants." McDevitt, 179 Wn.2d at 73.

> Whereas the defendants in Waples were private individuals and private corporations, we have previously determined that Harborview Medical Center is the equivalent of a state agency and arm of the state, Hontz v. State, 105 Wn.2d 302, 310, 714 P.2d 1176 (1986). As a result, there were no facts in Waples to address the issue of whether article II, section 26, and the legislature's waiver of sovereign immunity, permitted the legislature to establish conditions precedent before suit can be brought against the State. None of our relevant case law regarding article II, section 26 or the State's waiver of sovereign immunity was even addressed in the Waples opinion.

McDevitt, 179 Wn.2d at 74.[8]

Accordingly, the court held, "[B]ecause the plaintiff reasonably relied upon this court's holding in Waples and chose to forgo the notice requirement of former RCW

---

[8] Some internal citations omitted.

7.70.100(1), . . . our decision merits prospective-only application and will not apply to this case." McDevitt, 179 Wn.2d at 63. In concluding the decision merited prospective-only application, the court relied on the United States Supreme Court's three-part test in Chevron Oil Co. v. Huson, 404 U.S. 97, 92 S. Ct. 349, 30 L. Ed. 2d 296 (1971), overruled in part by Harper v. Department of Taxation, 509 U.S. 86, 113 S. Ct. 2510, 125 L. Ed. 2d 74 (1993). McDevitt, 179 Wn.2d at 75-76.

Under the Chevron Oil test, a case merits prospective-only application if the following three conditions are met:

> "(1) the decision established a new rule of law that either overruled clear precedent upon which the parties relied or was not clearly foreshadowed, (2) retroactive application would tend to impede the policy objectives of the new rule, and (3) retroactive application would produce a substantially inequitable result."

McDevitt, 179 Wn.2d at 75 (quoting Lunsford v. Saberhagen Holdings, Inc., 166 Wn.2d 264, 272, 208 P.3d 1092 (2009)).

Valley argues the Supreme Court in McDevitt erred in applying the Chevron Oil test by failing to consider the effect of the legislative amendments in 2009 reinstating the requirement to file a 60-day presuit notice, former RCW 4.92.100(1) and former RCW 4.96.020. We disagree.

The court in McDevitt recognized its decision clarified the holding in Waples by addressing article II, section 26 "in a manner that [the plaintiff] McDevitt did not foresee." McDevitt, 179 Wn.2d at 76. As to the second factor, the court concluded retroactive application of the decision in McDevitt would impede legislative policy objections because effective June 7, 2012, the legislature amended former RCW 4.92.100(1) (2009) and former RCW 4.96.020 (2009) to remove the reference to chapter 7.70 RCW.

McDevitt, 179 Wn.2d at 76. The court notes that because the 2012 amendments make clear that claims against the state must be made under RCW 4.92.100, not chapter 7.70 RCW, retroactive application of the decision "would impede the legislature's policy objectives as embodied in later adopted provisions." McDevitt, 179 Wn.2d at 76.

> Indeed, during the pendency of this appeal, the legislature amended RCW 4.92.100(1) to remove the reference to chapter 7.70 RCW. See LAWS OF 2012, ch. 250, § 1. Since the effective date of that statutory change (June 7, 2012), claims must be made under RCW 4.92.100, not under chapter 7.70 RCW. LAWS OF 2013, ch. 82, § 1.

McDevitt, 179 Wn.2d at 76.[9]

As to the third factor, the court concluded the plaintiff in McDevitt "relied on our unqualified language in Waples when he did not file notice as prescribed in former RCW 7.70.100(1). Nullifying his cause of action now would, in effect, punish his reliance on our recent decision: a substantially inequitable outcome." McDevitt, 179 Wn.2d at 76.

Evison asserts that because she is in the same position as the plaintiff in McDevitt, she is entitled to reversal of the summary judgment dismissal of her lawsuit. Valley claims the decision in McDevitt does not apply prospectively in this case because the record shows Evison did not rely on Waples.

Judicial decisions may have retroactive or prospective application. Lunsford, 166 Wn.2d at 270. Retroactive application is " 'overwhelmingly the norm.' " Lunsford, 166 Wn.2d at 270 (quoting Robinson v. City of Seattle, 119 Wn.2d 34, 74, 830 P.2d 318 (1992)). A decision applies retroactively to both the litigants before the court and all cases arising prior to and subsequent to the announcing of the new rule. Lunsford, 166 Wn.2d at 270. "Prospective application affects only those cases arising after the announcement of the new rule." Lunsford, 166 Wn.2d at 270-71. "A court may give its

---

[9] Footnote omitted.

decisions prospective-only application to avoid substantially inequitable results." McDevitt, 179 Wn.2d at 75.

"[T]he decision to apply a new rule prospectively must be made in the decision announcing the new rule of law" because "[i]t is at that point—when we are engaged in weighing the relative harms of affirming or overruling precedent—that courts are in the best position to determine whether a new rule should apply retroactively or prospectively only." Lunsford, 166 Wn.2d at 279. If the court determines the case merits prospective-only application under the Chevron Oil test, the rule shall apply equally to all similarly situated litigants. Lunsford, 166 Wn.2d at 279.

> Once we have resolved the issue of retroactive application, whether by applying the new rule to the parties before this court or by announcing the new rule will apply prospectively only, the rule will be applied equally to all similarly situated litigants with no further balancing of the equities under Chevron Oil or any other test.

Lunsford, 166 Wn.2d at 279.[10]

The record establishes that Evison relied on Waples and is similarly situated to the plaintiff in McDevitt. Evison filed her complaint against Valley on March 9, 2012. That same day, Evison filed a Standard Tort Claim Form with Valley administration. The Standard Tort Claim Form states, in pertinent part, "Pursuant to Chapter 4.92 RCW, this form is for filing a tort claim against the state of Washington." There is no dispute that Evison did not provide Valley with either a 90-day presuit notice of the intent to file a lawsuit or a 60-day notice of intent to file a tort claim for damages against

---

[10] Valley's reliance on Whitaker v. Spiegel, Inc., 95 Wn.2d 661, 623 P.2d 1147, 637 P.2d 235 (1981), is misplaced. In Whitaker, the court held that its new rule should have selectively prospective application, meaning the decision would apply only to the parties before the court. Whitaker, 95 Wn.2d at 678. In Robinson, the Washington State Supreme Court abolished selective prospectivity because it violates the principle of treating similarly situated litigants the same. Robinson, 119 Wn.2d at 77.

the state or a local governmental entity. See former RCW 7.70.100(1); RCW 4.92.110; RCW 4.96.020(4).

In support of the motion for summary judgment dismissal for failure to file a 90-day presuit notice of intent to sue under former RCW 7.70.100(1), Valley points out that Evison filed the Standard Tort Claim Form but states, "The Valley Defendants have not been served or otherwise received a Notice of Intent to Sue or similar document."

In response, Evison conceded that in relying on Waples, she did not file a presuit notice under former RCW 7.70.100(1). Evison also argued that when she filed her complaint, the statutes requiring 60-day notice of the intent to file suit against the state of Washington or a local governmental entity expressly excluded medical malpractice actions.[11] We conclude the decision in McDevitt merits prospectively-only application in this case.

As a separate independent ground to affirm summary judgment dismissal of the lawsuit against Evison, Valley argues it is entitled to summary judgment dismissal because Evison failed to identify experts who would testify as to the standard of care and proximate cause. But there is no dispute that the trial court granted Evison's motion to continue and did not rule on the Motion for Summary Judgment Re: Lack of Expert Testimony. Because the court did not rule on the motion to dismiss for lack of expert testimony, we decline to do so. See RAP 2.5(a) (a party may present an alternate ground for affirming a trial court if the record has been sufficiently developed to

---

[11] The legislature amended former RCW 4.92.100(1) (2009) and former RCW 4.96.020 (2009) in 2012 to delete the reference to former RCW 7.70.100(1) and require a 60-day presuit notice in all tort actions against the state. LAWS OF 2012, ch. 250, §§ 1, 2. But the amendments did not take effect until June 7, 2012, three months after Evison filed her complaint. See SUBSTITUTE S.B. 6187, 62nd Leg., Reg. Sess. (Wash. 2012). During the 2013 legislative session, the legislature amended RCW 7.70.100 to remove the requirement to file a 90-day presuit notice. LAWS OF 2013, ch. 82, § 1.

13

fairly consider the ground); <u>see</u> <u>also</u> <u>Blueberry Place Homeowners Ass'n v. Northward</u> <u>Homes, Inc.</u>, 126 Wn. App. 352, 362, 110 P.3d 1145 (2005) (declining to affirm on the basis of alleged bad litigation conduct by one of the parties when it was raised below but not addressed by the trial court and the record therefore was not sufficiently developed to resolve the issue on that basis).

We reverse summary judgment dismissal for failure to comply with the presuit filing requirement and remand.

WE CONCUR: