FILED
COURT OF APPEALS
DIVISION II

2014 OCT -7 AM 10: 56

STATE OF WASHINGTON

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| CHRISTINE M. LEE, | No. 44705-3-II |
| Appellant, | |
| v. | |
| METRO PARKS TACOMA, a municipal agency and GREATER METRO PARKS FOUNDATION, a Washington nonprofit corporation, | PUBLISHED OPINION |
| Respondents. | |

MAXA, J. — Christine Lee appeals the trial court's grant of summary judgment dismissing her claims against Metro Parks Tacoma based on her failure to wait 60 days after presenting a tort claim to Metro Parks before filing suit, in violation of RCW 4.96.020(4). Lee argues that she substantially complied with the 60-day waiting period. We hold that the legislature has now directed that strict compliance with the 60-day waiting period is not required and that substantial compliance will be sufficient. But we disagree that Lee substantially complied with RCW 4.96.020(4) under the facts of this case, and therefore affirm the trial court's grant of summary judgment.

## FACTS

On June 28, 2009, Lee was injured at Owen Beach at Point Defiance Park in Tacoma, which is operated by Metro Parks. On June 5, 2012, Lee signed a claim for damages form

stating that she was claiming damages against Metro Parks as a result of her injury. Metro Parks received the claim form on June 8.

On June 20, Lee filed a complaint for damages against Greater Metro Parks Foundation, alleging that the Foundation owned the Owen Beach property. The Foundation is not a governmental entity. On June 22, only 14 days after Metro Parks received the tort claim, Lee filed a first amended complaint for damages. The amended complaint added Metro Parks as a defendant, specifically alleging that Metro Parks was a municipal agency.

Metro Parks and the Foundation subsequently moved for summary judgment on the ground that Lee did not wait 60 days after submitting her tort claim before filing suit against Metro Parks, in violation of RCW 4.96.020. The trial court granted summary judgment in favor of Metro Parks and dismissed Lee's lawsuit.[1] Lee appeals.

## ANALYSIS

A.   STANDARD OF REVIEW

We review a trial court's order granting summary judgment de novo. *Frizzell v. Murray,* 179 Wn.2d 301, 306, 313 P.3d 1171 (2013). Summary judgment is appropriate where, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); *Loeffelholz v. Univ. of Wash.,* 175 Wn.2d 264, 271, 285 P.3d 854 (2012). The moving party bears the initial burden of showing that there is no genuine issue of material fact. *Young v. Key Pharms., Inc.,* 112 Wn.2d 216, 225, 770 P.2d 182 (1989). A moving defendant can meet this

---

[1] The Foundation also prevailed on summary judgment. On appeal, Lee has not challenged the trial court's summary judgment dismissal of the Foundation.

burden by showing that there is an absence of evidence to support the plaintiff's case. *Howell v. Spokane & Inland Empire Blood Bank*, 117 Wn.2d 619, 624, 818 P.2d 1056 (1991). The burden then shifts to the plaintiff to come forward with sufficient evidence to establish the existence of each essential element of the plaintiff's case. *Howell*, 117 Wn.2d at 625. If the plaintiff does not submit such evidence, summary judgment is appropriate. *Howell*, 117 Wn.2d at 625.

The trial court's summary judgment order was based on its application of RCW 4.96.020. Statutory interpretation is a question of law that we review de novo. *Jametsky v. Olsen*, 179 Wn.2d 756, 761, 317 P.3d 1003 (2014).

The goal of statutory interpretation is to determine and give effect to the legislature's intent. *Jametsky*, 179 Wn.2d at 762. To determine legislative intent, we first look to the plain language of the statute. *Jametsky*, 179 Wn.2d at 762. We consider the meaning of the provision in question, the context of the statute in which the provision is found, and related statutes. *Lowy v. PeaceHealth*, 174 Wn.2d 769, 779, 280 P.3d 1078 (2012). Undefined terms are given their plain and ordinary meaning, which can be derived from a dictionary. *Estate of Haselwood v. Bremerton Ice Arena, Inc.*, 166 Wn.2d 489, 498, 210 P.3d 308 (2009). If a statute is unambiguous, we must apply the statute's plain meaning as an expression of legislative intent without considering other sources of such intent. *Jametsky*, 179 Wn.2d at 762.

If the plain language of the statute is susceptible to more than one reasonable interpretation, the statute is ambiguous. *Jametsky*, 179 Wn.2d at 762. We resolve ambiguity by considering other indications of legislative intent, including principles of statutory construction, legislative history, and relevant case law. *Jametsky*, 179 Wn.2d at 762.

B.    SUBSTANTIAL COMPLIANCE WITH RCW 4.96.020(4)

RCW 4.96.010(1) states that a party must file a claim for damages with a local governmental entity before commencing a tort action against that entity. RCW 4.96.020 outlines the process a tort claimant must follow in filing a claim for damages. The claimant must: (1) prepare a tort claim form containing certain minimum information outlined in RCW 4.96.020(3)(a), (2) have the claim form signed in one of the ways specified in RCW 4.96.020(3)(b), (3) present the claim by delivering or mailing the claim form to the person the governmental entity designates to receive claims as provided in RCW 4.96.020(2), and (4) wait until 60 days have elapsed after the claim was presented before commencing an action against the governmental entity as provided in RCW 4.96.020(4).

Lee did not comply with the 60-day waiting period required under RCW 4.96.020(4). Instead, she filed her amended complaint against Metro Parks only 14 days after Metro Parks had received her claim for damages. Lee argues that her noncompliance with RCW 4.96.020(4) does not bar her claim if she substantially complied with the statutory requirement. We agree, but hold that Lee did not present evidence sufficient to create a question of fact on substantial compliance.

1.    Substantial Compliance Applies to RCW 4.96.020(4)

In *Medina v. Public Utility District No. 1 of Benton County*, our Supreme Court held that the substantial compliance doctrine was inapplicable to the 60-day waiting period in RCW 4.96.020(4). 147 Wn.2d 303, 317-18, 53 P.3d 993 (2002). The court stated that a tort claimant making a claim against a governmental entity must strictly comply with the RCW 4.96.020(4) waiting period, and therefore substantial compliance is immaterial. *Medina*, 147 Wn.2d at 317.

"[W]here time requirements are concerned, this court has held that 'failure to comply with a statutorily set time limitation cannot be considered substantial compliance' with the statute." *Medina*, 147 Wn.2d at 317 (quoting *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d 923, 929, 809 P.2d 1377 (1991)).

However, in 2009 the legislature enacted a new subsection to RCW 4.96.020, which states:

> With respect to the content of claims under this section and all *procedural requirements* in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory.

RCW 4.96.020(5) (emphasis added). Therefore, the substantial compliance doctrine now applies to the "procedural requirements" of RCW 4.96.020. The question here is whether the 60-day waiting period is a "procedural requirement."

Our Supreme Court explained the meaning of the term "procedural" in *Putman v. Wenatchee Valley Medical Center, P.S.*, 166 Wn.2d 974, 984-85, 216 P.3d 374 (2009) and *Waples v. Yi*, 169 Wn.2d 152, 234 P.3d 187 (2010). Both cases support a finding that a statutory waiting period before filing suit is procedural.

*Putman* involved a statute requiring a medical malpractice claimant to file a certificate of merit from a medical expert before filing a lawsuit. 166 Wn.2d at 984. The court analyzed whether this statutory requirement was a "procedural" matter or a "substantive" matter. *Putman*, 166 Wn.2d at 984. The court stated: "Substantive law 'creates, defines, and regulates primary rights,' while procedures involve the 'operations of the courts by which substantive law, rights, and remedies are effectuated.' " *Putman*, 166 Wn.2d at 984 (quoting *City of Fircrest v. Jensen*, 158 Wn.2d 384, 394, 143 P.3d 776 (2006)). The court held that a statute requiring a medical

5

malpractice claimant to file a certificate of merit before filing a lawsuit was procedural "because it addresses how to file a claim to enforce a right provided by law." *Putman*, 166 Wn.2d at 984. In other words, the statute did not address the parties' primary rights, only the procedures to effectuate those rights. *Putman*, 166 Wn.2d at 985.

In *Waples*, our Supreme Court addressed the issue presented in our case – the meaning of "procedural" in the context of a statutory waiting period for filing suit. *Waples* involved former RCW 7.70.100(1), which required medical malpractice claimants to provide health care providers with notice of the intention to file a lawsuit at least 90 days before filing suit. *Waples*, 169 Wn.2d at 155. The court relied on *Putman* in holding that this statute involved procedural law rather than substantive law. *Waples*, 169 Wn.2d at 161. As in *Putman*, the court stated that the statutory requirement was procedural because it addressed *how* to file a claim and dealt only with the procedures to effectuate primary rights. *Waples*, 169 Wn.2d at 161.

As with the statutory 90-day notice requirement addressed in *Waples*, RCW 4.96.020(4) requires that tort claimants against governmental entities wait 60 days after filing a tort claim before filing suit. Under *Waples*, this constitutes a procedural requirement. 169 Wn.2d at 161.

RCW 4.96.020(5) states that substantial compliance will be deemed satisfactory for all "procedural requirements" of RCW 4.96.020. Because under *Waples* the 60-day waiting period is a procedural requirement, we hold that strict compliance is not required and a claim against a governmental entity is not barred if a tort claimant substantially complies with that waiting period.

2.    Standard for Substantial Compliance

RCW 4.96.020(5) states that procedural requirements like the 60-day waiting period must be liberally construed so that substantial compliance will be deemed satisfactory. We must apply this liberal construction directive and substantial compliance standard "in a manner that promotes the purpose of the claim-filing statutes." *Medina*, 147 Wn.2d at 310. Substantial compliance of a statutory requirement means that the "statute has been followed sufficiently so as to carry out the intent for which the statute was adopted." *Banner Realty, Inc. v. Dep't of Revenue*, 48 Wn. App. 274, 278, 738 P.2d 279 (1987) (quoting *In re Habeas Corpus of Santore*, 28 Wn. App. 319, 327, 623 P.2d 702 (1981)).

The purpose of claim filing statutes is to "allow government entities time to investigate, evaluate, and settle claims." *Medina*, 147 Wn.2d at 310. Allowing time for investigation and evaluation also provides an opportunity for governmental entities to assess the potential costs and benefits of litigation. *See Williams v. State*, 76 Wn. App. 237, 248, 885 P.2d 845 (1994). Accordingly, we analyze whether Lee substantially complied with the 60-day waiting period under RCW 4.96.020(4) by considering the status of Metro Parks' claim investigation, claim evaluation, and pursuit of settlement negotiations.

3.    No Evidence of Substantial Compliance

Here, Lee has come forward with no evidence showing that the purpose of RCW 4.96.020(4) had been satisfied when she filed suit only 14 days after Metro Parks received her tort claim. Lee submitted no evidence that Metro Parks had completed its investigation and

7

evaluation, decided whether to accept or reject her claim, or engaged in settlement negotiations. In fact, Lee submitted no evidence that Metro Parks had taken any action at all on her claim at the time she filed her amended complaint.

Because Metro Parks filed a summary judgment motion based on application of RCW 4.96.020(4), the burden shifted to Lee to come forward with evidence showing that she had substantially complied with the 60-day waiting period in that statute. *Howell*, 117 Wn.2d at 625. Lee failed to produce any such evidence. As a result, Metro Parks was entitled to summary judgment on this issue.

We affirm the trial court's summary judgment dismissal of Lee's lawsuit.

MAXA, J.

I concur:

JOHANSON, C.J.

MELNICK, J. — I concur with the result the majority reaches; however, I write separately to respectfully state my disagreement with the majority's reasoning. I would hold that the legislatively created 60-day waiting period of RCW 4.96.020 is a condition precedent to the filing of a lawsuit against Metro Parks, a governmental entity, with which there must be strict compliance.

ANALYSIS

STRICT COMPLIANCE WITH STATUTORY CONDITIONS PRECEDENT REQUIRED

Article 2, section 26 of the Washington Constitution allows the legislature to waive sovereign immunity and states, "The legislature shall direct by law, in what manner, and in what courts, suits may be brought against the state." In 1961, the legislature first waived sovereign immunity. Former RCW 4.92.090 (1961). However, in so doing, it took care to safeguard against unnecessary lawsuits by enacting various requirements an individual must comply with before filing a lawsuit against the State or a governmental entity. One such safeguard is the tort claim statutes. Ch. 4.92 RCW; Ch. 4.96 RCW. These statutes are rationally related to the government's interest in encouraging negotiation and settlement of claims against the government. *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 317, 53 P.3d 993 (2002). This safeguard to the filing of a lawsuit is widespread and not unique to Washington.[2]

---

[2] *McNeil v. United States*, 508 U.S. 106, 113 S. Ct. 1980, 124 L. Ed. 2d 21 (1993); 28 U.S.C. § 2675; *Madsen v. Idaho Dept. of Health and Welfare*, 116 Idaho 758, 779 P.2d 433 (1989); *Friel v. Boise City Hous. Auth.*, 126 Idaho 484, 887 P.2d 29 (1994); *Farber v. State*, 102 Idaho 398, 630 P.2d 685 (1981); *Campbell v. City of Lincoln*, 195 Neb. 703, 240 N.W.2d 339 (1976); *California v. Superior Court of Kings County*, 32 Cal. 4th 1234, 90 P.3d 116, 13 Cal. Rptr. 3d 534 (2004)

The prerequisites to filing tort claim lawsuits against the state and governmental entities in Washington are found in chapter 4.92 RCW and chapter 4.96 RCW. One prerequisite found in RCW 4.96.020(4), states, "No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity . . . for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof."

The requirement that a party must wait 60 calendar days after first filing a notice of claim with a governmental entity before filing a tort action for damages against the governmental entity is a condition precedent, or a legislatively imposed requirement, to filing a lawsuit against a governmental entity. Our Supreme Court has held statutory waiting periods are valid preconditions to bringing a lawsuit against a state entity. *McDevitt v. Harbor View Med. Center*, 179 Wn.2d 59, 66, 316 P.3d 469 (2013) ("[S]ubsequent decisions from this court have also allowed the legislature to establish certain conditions precedent before suit can be brought against the State.").

A plaintiff must strictly comply with the 60-day condition precedent before filing a lawsuit against a governmental entity. Our Supreme Court has held that: "It is impossible to substantially comply with a statutory time limit. . . . It is either complied with or it is not." *City of Seattle v. Pub. Emp't Relations Comm'n*, 116 Wn.2d 923, 928-29, 809 P.2d 1377 (1991). "Compliance with a waiting period can be achieved only through meeting the time requirements of the statute." *Medina*, 147 Wn.2d at 317.

Relying on *Myles v. Clark County*, 170 Wn. App. 521, 289 P.3d 650 (2012), *review denied*, 176 Wn.2d 1015 (2013), Lee argues a 2009 amendment to RCW 4.96.020 requires that individuals need only substantially comply with the 60-day waiting period. Appellant's Br. at 12-14. This 2009 amendment changed RCW 4.96.020 in two significant ways. First, it added a section that allowed for substantial compliance with the "procedural requirements" of the statute. RCW 4.96.020(5). Second, it modified the 60-day waiting period and gave plaintiffs an additional five days to file a lawsuit. RCW 4.96.020(4). If the legislature considered the pre-suit time limit to be procedural, with which substantial compliance applies, it would not have also changed the 60-day time limit. *Myles* is inapplicable to this case because it did not involve the 60-day presuit filing requirement. It involved the notice requirement, a procedural matter.

We review questions of statutory interpretation de novo. *Bostain v. Food Express, Inc.*, 159 Wn.2d 700, 708, 153 P.3d 846 (2007). We construe statutes to effectuate the legislature's intent. *Bostain*, 159 Wn.2d at 708. If the statute's meaning is plain, we give effect to the plain meaning as expressive of the legislature's intent. *Bostain*, 159 Wn.2d at 708.

The plain meaning of RCW 4.96.020(5) is apparent. RCW 4.96.020(5) provides for substantial compliance "[w]ith respect to the content of claims under this section and all procedural requirements." The 60-day time period is neither substantive nor procedural. In other words, it is neither about what to file nor about how to file. It is a condition precedent to bringing a lawsuit. This result is supported by our Supreme Court. *McDevitt*, 179 Wn.2d at 64-65 (requirement that plaintiff provide 90 days' notice before filing a medical malpractice lawsuit against the State is a

11

constitutional condition precedent).[3] The right to bring suit against a governmental entity is not a fundamental right but is created by statute. *Medina*, 147 Wn.2d at 312. Thus, the right to file a lawsuit against a governmental entity does not vest until the individual satisfies the specified conditions precedent. *Cook v. State*, 83 Wn.2d 599, 602-03, 521 P.2d 725 (1974); *see also McDevitt*, 179 Wn.2d at 62 (the legislature has the constitutional authority to alter the common law doctrine of sovereign immunity and may establish pre-conditions to bring a lawsuit).

Accordingly, I would hold that the legislatively created 60-day waiting period in RCW 4.96.020 is a condition precedent to the filing of a lawsuit against a governmental entity. And, this statutory time limit can only be achieved by meeting the time requirement. Because Lee failed to comply with the applicable condition precedent by filing her lawsuit after providing Metro Parks less than 60 days' notice, I would affirm the superior court's grant of summary judgment in favor of Metro Parks and its dismissal of Lee's lawsuit on this basis.

MELNICK, J.

---

[3] Conversely, presuit notice requirements for lawsuits involving private entities are unconstitutional. *See also Putnam v. Wenatchee Med. Ctr.*, 166 Wn. 2d 974, 216 P.3d 374 (2009) (requirement that plaintiff file certificate of merit from medical expert with pleadings as precondition to filing medical malpractice lawsuit unconstitutional); *Waples v. Yi*, 169 Wn.2d 152, 234 P.3d 187 (2010) (in a suit between *private* parties, statute cannot require a plaintiff give 90 days' notice before filing medical malpractice lawsuit unconstitutional).