# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

HATSUYO "SUE" HARBORD, )
) No. 73895-0-I
        Appellant, )
) DIVISION ONE
    v. )
)
SAFEWAY, INC.; DANIEL P. HURLEY; )
MATTHEW BEAN; MIKE LAGRANGE; ) UNPUBLISHED OPINION
SUE BONNETT; KEN BARNES, )
)
        Respondents. )
) FILED: June 12, 2017

LEACH, J. — Hatsuyo Harbord filed this legal malpractice action against her former attorney, Matthew Bean. Harbord also raised the same wrongful termination and discrimination claims against Safeway Inc. and its employees that the trial court dismissed on summary judgment in an earlier lawsuit. Because Harbord failed to provide any supporting evidence or legal argument to establish a material factual dispute, the trial court properly dismissed her claims on summary judgment. We affirm and award the Safeway defendants attorney fees for a frivolous appeal.

FACTS

This is Harbord's second appeal arising from a dispute with her former employer, Safeway Inc. Our decision in her first appeal describes the underlying facts in more detail.[1]

Harbord began working as an office clerk and bookkeeper in Safeway's Port Angeles store in 2004. After lengthy, unsuccessful attempts to address concerns about Harbord's job performance and conduct, Safeway fired her in May 2011.

In May 2013, while represented by attorney Matthew Bean, Harbord sued Safeway, alleging wrongful termination in violation of the Washington Law against Discrimination (WLAD).[2] After Safeway removed the case to federal district court, Harbord had a falling-out with Bean and fired him. The district court then granted Harbord's motion to proceed pro se. After Harbord asserted that her claims involved less than $75,000, the district court eventually remanded the case back to King County Superior Court.

Both in federal court and in superior court, Harbord refused to respond to discovery requests or comply with a trial court order compelling discovery. Harbord adamantly insisted that she had no obligation to comply with discovery rules.

_____

[1] See Harbord v. Safeway, Inc., No. 72731-1-I, slip op. at 2-3 (Wash. Ct. App. July 25, 2016) (unpublished), http://www.courts.wa.gov/opinions/pdf/727311.pdf, review denied, 186 Wn.2d 1031 (2016) (Harbord I).
[2] Ch. 49.60 RCW.

On October 24, 2014, the trial court granted Safeway's motion for summary judgment and dismissed all of Harbord's claims. In the alternative, the court dismissed the claims under CR 37(b) as a sanction for Harbord's failure to participate in discovery. This court affirmed the dismissal on appeal.[3]

On September 23, 2014, before the dismissal in Harbord I, Harbord filed this lawsuit against her former attorney, Bean (Harbord II). Harbord also named as defendants Safeway Inc., three individual Safeway employees, and the attorney who represented Safeway in the Harbord I litigation (the Safeway defendants). Harbord filed multiple complaints in the case. The precise nature of her claims against the various defendants is unclear.

Bean moved for summary judgment, arguing that Harbord had failed to identify any cognizable basis for a claim of legal malpractice. After considering all of the material that Harbord submitted in opposition to summary judgment, including any untimely filings, the trial court agreed and granted the motion. The court concluded that Harbord failed to make a prima facie showing that Bean breached any duty of care during his representation.

The Safeway defendants filed a separate motion for summary judgment. The trial court granted the motion. It decided that collateral estoppel and the statute of

---

[3] Harbord, No. 72731-1-I, slip op. at 1, 16.

limitations barred Harbord's claims against Safeway and its employees and that Harbord had failed to identify any basis for her claim against Safeway's attorney.

The trial court denied Harbord's motion for reconsideration and various postjudgment motions, including a motion for disbursement of funds, motion to allow demonstrative evidence, and motion for a default judgment. On November 12, 2015, the trial court granted the Safeway defendants' motion for sanctions under CR 11:

1.  Plaintiff's Complaints violate CR 11 because they are not well-ground[ed] in fact or warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and were for an improper purpose, as Plaintiff did not conduct a reasonable competent inquiry in the law or facts that would support her Complaints and pursued her claims for the purpose of harassing the Defendants and needlessly increasing the costs of litigation. Specifically, Plaintiff's claims against Safeway Inc., Lagrange, Bonnett and Barnes were barred by collateral estoppel and plainly barred by applicable statutes of limitation, and Plaintiff failed to articulate any actionable facts or any cognizable cause of action against Hurley. Moreover, Plaintiff persisted in pursuing her claims even after (i) being advised by counsel for the Safeway Defendants of the facts and law dispositive of her claims and (ii) warned that the Safeway Defendants would seek sanctions if she did not voluntarily dismiss her claims against them.

The court imposed sanctions totaling $27,492. The court ordered Harbord to pay one-third of that amount—$9,164—and held the remaining two-thirds "in abeyance" pending Harbord's compliance with the court's order prohibiting her from filing any additional lawsuits against the Safeway defendants based on the same facts.

Harbord appeals.

No. 73895-0-I/5

## ANALYSIS

### Standard of Review

When reviewing an order on summary judgment, we undertake the same inquiry as the trial court.[4] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[5] We consider the materials before the trial court and all reasonable inferences from those materials in the light most favorable to the nonmoving party.[6] Our review is limited to the materials properly before the trial court.[7]

The moving party can meet its initial burden under CR 56(c) by showing the absence of evidence to support the nonmoving party's case.[8] The burden then shifts to the nonmoving party to demonstrate a genuine issue for trial.[9] The party opposing summary judgment "may not rely merely upon allegations or self-serving statements, but must set forth specific facts showing that genuine issues of material fact exist."[10]

---

[4] Hisle v. Todd Pac. Shipyards Corp., 151 Wn.2d 853, 860, 93 P.3d 108 (2004).
[5] CR 56(c).
[6] Ruff v. County of King, 125 Wn.2d 697, 703, 887 P.2d 886 (1995).
[7] See RAP 9.12.
[8] Lee v. Metro Parks Tacoma, 183 Wn. App. 961, 964, 335 P.3d 1014 (2014); see also Young v. Key Pharms., Inc., 112 Wn.2d 216, 225 n.1, 770 P.2d 182 (1989).
[9] Lee, 183 Wn. App. at 964.
[10] Newton Ins. Agency & Brokerage, Inc. v. Caledonian Ins. Grp., Inc., 114 Wn. App. 151, 157, 52 P.3d 30 (2002).

-5-

Harbord's briefing on appeal is essentially incomprehensible. In violation of the Rules of Appellate Procedure, she has failed to provide discernible assignments of error or any coherent legal argument supported by citations to authority or references to the record.[11] Many of her factual allegations involve inadmissible hearsay.

These omissions are not a mere technicality. An appellate court will not search through the record for evidence relevant to a litigant's arguments.[12] Moreover, this court may decline to consider issues unsupported by legal argument and citation to relevant authority.[13] Although Harbord is acting pro se, we hold self-represented litigants to the same standard as an attorney.[14]

<u>Defendant Bean</u>

To support a claim of professional negligence again Bean, Harbord bears the burden of establishing:

> (1) The existence of an attorney-client relationship which gives rise to a duty of care on the part of the attorney to the client; (2) an act or omission by the attorney in breach of the duty of care; (3) damage to

---

[11] <u>See, e.g.</u>, RAP 10.3(a)(6) (appellant must provide "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record").

[12] <u>See Mills v. Park</u>, 67 Wn.2d 717, 721, 409 P.2d 646 (1966).

[13] <u>See Saunders v. Lloyd's of London</u>, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).

[14] <u>In re Pers. Restraint of Rhem</u>, No. 92698-1, slip op. at 7 (Wash. May 11, 2017), http://www.courts.wa.gov/opinions/pdf/926981.pdf.

the client; and (4) proximate causation between the attorney's breach of the duty and the damage incurred.[15]

"By its very nature, an action for professional negligence in the preparation and conduct of specific litigation involves matters calling for special skill or knowledge—proper subjects for expert testimony."[16] Consequently, "[e]xpert testimony is often required to determine whether an attorney's duty of care was breached in a legal professional negligence action."[17]

Generally, "mere errors in judgment or in trial tactics do not subject an attorney to liability for legal malpractice."[18] And, contrary to Harbord's allegations, violations of the Washington Rules of Professional Conduct will not support an independent cause of action against an attorney.[19]

Harbord's allegations against Bean appear to arise out of Bean's agreement to a stipulated protective order (SPO) that counsel for Safeway proposed while Harbord I was pending in federal district court. The SPO governed how both parties would treat confidential information. Harbord further alleges that Bean failed to communicate with her before agreeing to the SPO and later made her sign an agreement to the SPO under duress.

---

[15] Hizey v. Carpenter, 119 Wn.2d 251, 260-61, 830 P.2d 646 (1992).
[16] Walker v. Bangs, 92 Wn.2d 854, 857-58, 601 P.2d 1279 (1979).
[17] Geer v. Tonnon, 137 Wn. App. 838, 851, 155 P.3d 163 (2007).
[18] Halvorsen v. Ferguson, 46 Wn. App. 708, 717, 735 P.2d 675 (1986).
[19] Hizey, 119 Wn.2d at 259.

Here, Bean satisfied his initial burden on summary judgment. In a supporting declaration, Bean stated that in his 20 years of practicing employment law, he had routinely entered into SPOs. He explained that the SPO was consistent with the model SPO for federal district court, did not restrict discovery, was favorable to Harbord because her medical record remained confidential, and did not normally call for a party's signature before entry.

In response to the summary judgment motion, Harbord failed to submit or identify any evidence or expert testimony raising even the slightest inference that Bean's actions related to the SPO had breached a duty of care.

Moreover, Washington courts use "but for" causation to determine proximate cause in a legal malpractice action.[20] The plaintiff must demonstrate that "but for the attorney's negligence, he or she would have prevailed or obtained a better result in the underlying litigation."[21] Proximate cause is generally a question of fact.[22] But where, as here, reasonable minds could not differ, we may determine proximate cause as a matter of law.[23]

---

[20] Geer, 137 Wn. App. at 844.

[21] Clark County Fire Dist. No. 5 v. Bullivant Houser Bailey PC, 180 Wn. App. 689, 707, 324 P.3d 743 (2014).

[22] Smith v. Preston Gates Ellis, LLP, 135 Wn. App. 859, 864, 147 P.3d 600 (2006).

[23] Smith, 135 Wn. App. at 864.

After Harbord began representing herself in federal district court in <u>Harbord</u> I, the trial judge expressly noted that the SPO "will not hinder Plaintiff's presentation of her case." The district court later vacated the SPO.

The trial court eventually dismissed Harbord's claims in <u>Harbord</u> I because she failed to demonstrate a material factual issue and failed to comply with discovery orders. Nothing in the record suggests that the SPO or Bean's representation had any effect on the outcome of <u>Harbord</u> I.

Because Harbord failed to demonstrate material factual issues about breach of the duty of care and proximate causation, the trial court properly granted summary judgment in Bean's favor.

<u>Safeway Defendants</u>

Harbord has failed to present any meaningful argument identifying the nature of her claims against the Safeway defendants. To the extent that she repeats her allegations of wrongful termination and discrimination against Safeway and its employees, res judicata bars her claims.

The doctrine of res judicata bars a claim if that claim was or could have been raised in earlier litigation in which there was identity of (1) subject matter, (2) cause of action, (3) persons and parties, and (4) quality of persons.[24] The parties to the earlier action must have litigated it to a final judgment on the merits.[25] "A grant of summary

---

[24] <u>Loveridge v. Fred Meyer, Inc.</u>, 125 Wn.2d 759, 763, 887 P.2d 898 (1995).
[25] <u>Hisle</u>, 151 Wn.2d at 865.

judgment is a final judgment on the merits with the same preclusive effect as a full trial."[26] We review de novo whether res judicata applies.[27]

In Harbord I, Harbord alleged claims of wrongful discharge against Safeway under the WLAD. To the extent that we can ascertain, Harbord makes the same factual allegations and claims of discrimination, retaliation, and harassment against Safeway and its employees in this case that she made in Harbord I. Although Harbord did not name the three individual Safeway employees as defendants in Harbord I, the employer/employee relationship alleged here is sufficient to establish privity for purposes of res judicata.[28] Under the circumstances, Harbord I and Harbord II involved the same subject matter, cause of action, parties, and qualities of persons. Harbord's claims as to Safeway and the three Safeway employees were therefore barred by res judicata.

In addition, Harbord's claims for wrongful termination and discrimination accrued no later than May 6, 2011, when Safeway fired her.[29] The three-year statute of limitations for discrimination claims under the WLAD had therefore expired by the time Harbord filed this action on September 26, 2014.[30] To the extent that Harbord's

---

[26] DeYoung v. Cenex Ltd., 100 Wn. App. 885, 892, 1 P.3d 587 (2000).

[27] Emeson v. Dep't of Corr., 194 Wn. App. 617, 626, 376 P.3d 430 (2016).

[28] Ensley v. Pitcher, 152 Wn. App. 891, 902, 222 P.3d 99 (2009).

[29] See Douchette v. Bethel Sch. Dist. No. 403, 117 Wn.2d 805, 816, 818 P.2d 1362 (1991).

[30] See Milligan v. Thompson, 90 Wn. App. 586, 591, 953 P.2d 112 (1998); RCW 4.16.080(2).

vague allegations of damage to reputation and personal injuries during employment could be construed as claims, the applicable statutes of limitation would be no longer than three years.[31] The trial court properly determined that Harbord's claims against Safeway and the Safeway employees were time barred.

Harbord also failed to identify any basis for her claims against Safeway's attorney. She apparently takes issue with some of counsel's actions while representing Safeway during Harbord I, but she fails to identify any factual or legal basis for liability.

The trial court properly dismissed all claims against the Safeway defendants on summary judgment.

Sanctions

On appeal, Harbord makes no legal challenge to the trial court's imposition of CR 11 sanctions. Nonetheless, substantial evidence supports the trial court's findings that Harbord's complaints were not well-grounded in fact, that she did not conduct a reasonably competent inquiry into the law or facts to support her complaints, and that she pursued her claims for the purposes of harassing the Safeway defendants and needlessly increasing their costs of litigation. The trial court did not abuse its discretion in imposing CR 11 sanctions.[32]

---

[31] See, e.g., RCW 4.16.080(2) (three-year statute of limitation for personal injuries); RCW 4.16.100(1) (two-year statute of limitations for defamation).

[32] Bldg. Indus. Ass'n. of Wash. v. McCarthy, 152 Wn. App. 720, 745, 218 P.3d 196 (2009) (CR 11 sanctions reviewed for an abuse of discretion).

Harbord makes vague allegations that she did not receive certain documents that Safeway filed, despite proper proof of service, and that she did not have enough time to file responses to the motions for summary judgment. But the record shows that the trial court gave Harbord additional time to respond to the summary judgment motions and considered all the materials she filed, whether or not they were timely. Harbord fails to identify any issue warranting appellate review.

Attorney Fees on Appeal

The Safeway defendants request an award of attorney fees under RAP 18.9(a) for a frivolous appeal. "An appeal is frivolous if the appellate court is convinced that the appeal presents no debatable issues upon which reasonable minds could differ and is so lacking in merit that there is no possibility of reversal."[33] The record here satisfies this standard.

Harbord made no meaningful effort to provide a factual or legal argument or supporting evidence in response to the summary judgment motion. Despite clear warnings of the consequences, she persisted in pursuing the identical claims against Safeway that the court rejected in Harbord I. Under the circumstances, the record provides no conceivable basis for a material factual dispute.

---

[33] In re Marriage of Foley, 84 Wn. App. 839, 847, 930 P.2d 929 (1997).

## CONCLUSION

The trial court orders dismissing Harbord's claims on summary judgment are affirmed. The Safeway defendants are awarded reasonable attorney fees on appeal, subject to compliance with RAP 18.1(d).

_Leach, J._

WE CONCUR:

_Mann, J._          _Dwyer, J._