# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| BRIAN RUNDQUIST, | No.  49993-2-II |
| Appellant, | |
| v. | |
| MICHAEL E. FOX and JANE DOE FOX, husband and wife, and the marital community composed thereof, | UNPUBLISHED OPINION |
| Respondents, | |
| FISCHER TRUCKING, LLC, a Washington State limited liability corporation; FISCHER TRUCKING, INC., a State of Georgia Corporation, | |
| Defendants. | |

JOHANSON, J.  —  Brian Rundquist appeals the summary dismissal on statute of limitations grounds of his personal injury lawsuit against Michael Fox.  Rundquist filed a lawsuit against Fox and his alleged employer, Fischer Trucking Inc., shortly before expiration of the statute of limitations.  Rundquist served a Washington entity called Fischer Trucking within 90 days after filing as required, but did not serve Fox within that period.  The superior court dismissed Rundquist's claims as to Fox, concluding that the Fischer Trucking entity served was not a proper defendant and therefore that service on that entity did not toll the statute of limitations as to Fox.

We reverse the superior court's order summarily dismissing Rundquist's claims against Fox because Fox failed to show the absence of a genuine dispute as to whether the Fischer Trucking entity served was a proper defendant.

## FACTS

On September 4, 2012, Rundquist and Fox were involved in a motor vehicle collision. Just under three years later, on September 2, 2015, Rundquist filed a lawsuit seeking damages stemming from the accident. The lawsuit named as defendants Fox and "Fischer Trucking, Inc., a Washington State limited liability company," (Washington Fischer Trucking) that Rundquist alleged to be Fox's employer. Clerk's Papers (CP) at 1. On October 19, Rundquist served Washington Fischer Trucking at its place of business in Snohomish County.

On December 3, Rundquist amended his complaint to add Fischer Trucking Inc., a Georgia corporation, (Georgia Fischer Trucking) as a defendant. The amended complaint alleged that Georgia Fischer Trucking was Fox's employer.[1]

On February 22, 2016, Rundquist attempted to serve Fox by mail and by serving the Washington Secretary of State in accordance with the nonresident motorist statute, RCW 46.64.040. On May 10, Fox filed an answer to the amended complaint wherein he denied the paragraph alleging that the Fischer Trucking named by Rundquist was Fox's employer.

---

[1] This amended complaint kept the Washington Fischer Trucking entity in the caption but removed the reference to it in the "parties" subsection of the complaint and replaced it with the Georgia Fischer Trucking corporation. However, this was allegedly the result of a mistake, which Rundquist corrected by filing a second amended complaint on June 10, 2016, clearly naming both Washington Fischer Trucking and Georgia Fischer Trucking as co-defendants. The superior court ruled that the second amended complaint related back to the date of the original complaint.

On May 19, Fox filed a motion to dismiss under CR 12(b)(6) arguing, in relevant part, that Rundquist's claims were barred by the statute of limitations. Fox alleged that Rundquist had failed to serve any proper defendant prior to the three-year statute of limitations expiring or within the 90-day tolling period after filing his complaint because Fox's employer was Fischer Trucking Inc., an *Indiana* corporation, (Indiana Fischer Trucking), which had never been named in the lawsuit or served. Notably, Fox's argument that Indiana Fischer Trucking is Fox's employer is unsupported by any evidence in the record.

In response, Rundquist argued that because Washington Fischer Trucking was properly served within the tolling period, the motion to dismiss should be denied. Rundquist attached a declaration of Jonathan Lee—Rundquist's attorney—and four exhibits to his response to the motion to dismiss. Lee's declaration explained that after the motor vehicle accident, he learned that Fox's employer was "Fischer Trucking Inc." and assumed that Fischer Trucking must be the Fischer Trucking LLC doing business in Snohomish County because the accident occurred in Washington. The attached exhibits included the police traffic collision report, Rundquist's original complaint, a copy of the declaration of personal service on Washington Fischer Trucking, and a copy of the receipt of service with the Secretary of State on Fox. Fox did not file a responding declaration.

The superior court granted Fox's motion to dismiss Rundquist's claims against Fox, stating in relevant part that "the Court does not agree that serving the wrong defendant makes the case viable." Report of Proceedings (RP) at 18. Rundquist appeals.

ANALYSIS

Rundquist argues that the superior court erred by dismissing his claims against Fox on the basis that he had failed to serve a proper defendant before the statute of limitations had run. Fox contends that because Washington Fischer Trucking was not Fox's employer it was an improper party, and thus service on it did not toll the statute of limitations. We hold that Fox failed to prove the absence of a genuine dispute that Washington Fischer Trucking was not Fox's employer and therefore was an improper party. Accordingly, we reverse the superior court's order dismissing Rundquist's claims against Fox.

## I. STATUTE OF LIMITATIONS AND TOLLING

The three-year statute of limitations for Rundquist's personal injury claims would have expired on September 4, 2015. However, under RCW 4.16.170, the statute of limitations was tolled for 90 days to allow service on one or more of the properly named defendants once Rundquist filed his complaint. When service of process is achieved against one properly named defendant, the statute of limitations is tolled as to all unserved defendants. *Sidis v. Brodie/Dohrmann, Inc.*, 117 Wn.2d 325, 327, 815 P.2d 781 (1991). Although the tolling statute provides some protection to plaintiffs in multi-defendant actions from the harsh effects of the statute of limitations, the tolling statute does not allow plaintiffs to circumvent the statute of limitations by naming and serving an improper defendant. *Teller v. APM Terminals Pacific, Ltd.*, 134 Wn. App. 696, 715, 142 P.3d 179 (2006) (holding that APM did not effectively toll the statute of limitations by serving five defendants who were not Teller's employer and thus not proper parties to the lawsuit).

If a proper defendant is not served during the 90-day tolling period, the action shall be deemed to not have been commenced. RCW 4.16.170; *see also O'Neill v. Farmers Ins. Co. of Wash.*, 124 Wn. App. 516, 523, 125 P.3d 134 (2004).

## II. STANDARD OF REVIEW

As an initial matter, the parties disagree as to the proper standard of review in this case. Rundquist contends that we should apply de novo review of the dismissal under CR 12(b)(6) and must presume that all the allegations in his complaint are true. Fox argues that the motion to dismiss was actually a converted summary judgment motion and should be disposed of as provided in CR 56. Because the superior court considered matters outside the pleadings in ruling on the motion, we agree with Fox and review the superior court's decision as a decision on a motion for summary judgment.

If a party brings a motion to dismiss under CR 12(b)(6), but "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in [CR] 56." CR 12(b)(7). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We review a superior court's decision on summary judgment de novo. *Didlake v. State*, 186 Wn. App. 417, 422, 345 P.3d 43, *review denied*, 184 Wn.2d 1009 (2015).

Here, the superior court considered facts beyond those stated in the pleadings. Specifically, the superior court considered the declaration of Lee that included exhibits of (1) the accident police

report, (2) Rundquist's original complaint, (3) a declaration of service on Fischer Trucking LLC, and (4) a receipt of service with the Washington Secretary of State. Therefore, because a motion to dismiss for failure to state a claim is treated as a motion for summary judgment when matters outside the pleading are presented to and not excluded by the court, we treat the superior court's dismissal of Rundquist's lawsuit against Fox as a decision on a motion for summary judgment. *Sea-Pac Co. v. United Food & Commercial Workers Local Union 44*, 103 Wn.2d 800, 802, 699 P.2d 217 (1985).

When reviewing an order granting summary judgment, we engage in the same inquiry as the superior court. *Teller*, 134 Wn. App. at 704. We will affirm an order granting summary judgment if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). On summary judgment, the moving party has the initial burden to show that there is no genuine issue of material fact. *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 964, 335 P.3d 1014 (2014). A moving defendant can meet this burden by showing that there is an absence of evidence to support the plaintiff's case. *Lee*, 183 Wn. App. at 964. Once the moving party has made such a showing, the burden shifts to the nonmoving party to set forth specific facts that rebut the moving party's contentions and show a genuine issue of material fact exists. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 169, 273 P.3d 965 (2012).

III. MATERIAL ISSUE OF FACT

Fox contends that the superior court's order was appropriate because "there was obviously no admissible evidence . . . that Fox was employed by the limited liability company Rundquist mistakenly identified in his complaint."[2]  Br. of Resp't at 12.  Fox's contention fails.

As the moving defendant, Fox carried the initial burden to prove the absence of a genuine issue of material fact.  Fox claimed that the Indiana Trucking Company was the correct entity to be served and because there is no evidence that the entity was served, Fox was entitled to judgment as a matter of law.  *See* CR 56(c); *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 601, 200 P.3d 695 (2009).

The burden of proof then shifted to Rundquist, the nonmoving party.  Rundquist's complaint alleged that the Washington entity was Fox's employer.  And Rundquist supported his claim with Lee's declaration explaining that after the accident, Lee learned from Fox's insurer that Fox's employer was Fisher Trucking Inc. and that he assumed that Fischer Trucking must be Fischer Trucking LLC doing business in Snohomish County because the accident occurred in Washington.  This constitutes some evidence to support Rundquist's claim that he properly served the Washington entity as Fox's employer.  Thus, Rundquist created a genuine dispute of material fact.

---

[2] Fox also contends that Rundquist's service on Washington Fischer Trucking was invalid because the original complaint improperly named the entity as "Fischer Trucking, <u>Inc.</u>, a Washington State <u>limited liability company</u>," in the caption rather than Fischer Trucking LLC.  Br. of Resp't at 13. However, this issue is moot because Rundquist's second amended complaint, which related back to the date of the original complaint, rectified the error and properly noted Washington Fischer Trucking as "Fischer Trucking LLC."  Fox does not cross appeal the order granting Rundquist's motion to file the second amended complaint.

Fox presented no admissible evidence that Washington Fischer Trucking was not his employer and thus not a proper party to the lawsuit. Fox's counsel merely argued during the hearing on his motion to dismiss that both parties knew and agreed that the Washington entity was not Fox's employer. But facts presented only in counsel's statements must be disregarded. *See Bravo v. Dolsen Cos.*, 71 Wn. App. 769, 777, 862 P.2d 623 (1993), *rev'd on other grounds*, 125 Wn.2d 745, 888 P.2d 147 (1995).

Because Fox failed to show an absence of a genuine dispute as to a material fact, Fox was not entitled to summary judgment. Consequently, we reverse the trial court's dismissal and remand for further proceedings.

IV. IMPROPER SERVICE ISSUE

Rundquist also argues that the superior court erroneously based its decision to dismiss on a conclusion that Fox was served via mail when Rundquist actually served Fox via the Washington Secretary of State. However, the record shows that neither Fox's motion to dismiss nor the superior court's decision to dismiss were based on the manner in which Fox was served. Rather, the focus of both Fox's motion and the superior court's decision was the timing of that service and the allegation that no proper defendant was served within the 90-day tolling period.

Moreover, the record shows that Rundquist complied with the nonresident motorist statute, RCW 46.64.040,[3] when he served Fox. Thus, the manner of service on Fox would not be an appropriate ground for dismissal.

---

[3] RCW 46.64.040 requires service of two copies of the summons on the secretary of state and mailing of notice of such service, together with other statutorily required documents, to the defendant's last known address.

No. 49993-2-II

We reverse the superior court's order summarily dismissing Rundquist's claims against Fox.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

JOHANSON, J.

We concur:

MAXA, A.C.J.

LEE, J.