IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| CITY OF CLARKSTON, and DOES I-V, | ) | |
| | ) | No. 35179-3-III |
| Respondents, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DANNY STEVEN KRAUSE, and | ) | UNPUBLISHED OPINION |
| LORI A. KRAUSE, husband and wife, | ) | |
| | ) | |
| Appellants. | ) | |

KORSMO, J. — Danny Krause appeals from the dismissal of his action against the

City of Clarkston, contending that he substantially complied with the torts claim

notification process. We agree with the trial court that he did not and affirm.

FACTS

The operative facts are procedural in nature and can be briefly stated. Mr. Krause

crashed his motorcycle at a Clarkston intersection on September 11, 2013. Near the end

of the statute of limitations period, Mr. Krause filed a claim against the City pursuant to

RCW 4.96.020 on August 30, 2016. He alleged that the accident was caused by the

design and maintenance of the intersection.

Nine days later, on September 8, 2016, Mr. Krause filed his complaint in superior

court. However, he did not serve the complaint on the City until either October 31 (the

City's view) or November 2, 2016 (Mr. Krause's view). At least 62 days passed between the service of the tort claim on August 30 and the service of the complaint.

The City moved for summary judgment on December 13, 2016, arguing that Mr. Krause's claim was barred by the failure to comply with RCW 4.96.020(4). In response, Mr. Krause argued that he waited a sufficient period of time before serving the City, thus effectuating the purpose of the notice statute. Relying on a Court of Appeals decision, the trial court determined that Mr. Krause had not substantially complied with the statute and dismissed the action.

Mr. Krause timely appealed to this court. A panel considered the matter without argument.

ANALYSIS

The sole issue presented is whether Mr. Krause substantially complied with the notification statute when he allowed sufficient time for the City to investigate the claim before serving the lawsuit. Since the act of *filing* the lawsuit served to "commence" the litigation, we agree with the trial court.

When considering an appeal from a summary judgment order of dismissal, an appellate court will review the ruling de novo and consider the same evidence heard by the trial court, viewing that evidence in a light most favorable to the party responding to the summary judgment. *Lybbert v. Grant County*, 141 Wn.2d 29, 34, 1 P.3d 1124 (2000). If there is no genuine issue of material fact, summary judgment will be granted if the

moving party is entitled to judgment as a matter of law. *Id.*; *Trimble v. Wash. State Univ.*, 140 Wn.2d 88, 93, 993 P.2d 259 (2000); CR 56(c).

RCW 4.96.020 provides a mandatory process for plaintiffs seeking to bring a damages action against state government or its political subdivisions. The provision important to this action is RCW 4.96.020(4), which provides in relevant part that "No action . . . shall be commenced against any local government . . . for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented." In turn, RCW 4.96.020(5) provides that the provisions of the section "must be liberally construed so that substantial compliance will be deemed satisfactory."

"It is generally accepted that one of the purposes of the claim-filing provisions is to allow government entities time to investigate, evaluate, and settle claims." *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002). The 60-day time period "provides an opportunity for governmental entities to assess the potential costs and benefits of litigation." *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d 1014 (2014).

Also important here is CR 3. It provides:

> a civil action is commenced by service of a copy of a summons together with a copy of a complaint, as provided in rule 4 or by filing a complaint.

CR 3(a).

3

Mr. Krause argues that by merely filing the complaint, but not serving it until the end of the notice period, he substantially complied with the notice statute. On that basis, he distinguishes the authority relied on by the trial court.

The principal case, and the one available to the trial court at the time of summary judgment, is *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 968, 335 P.3d 1014 (2014). There, Division Two evaluated whether a plaintiff substantially complied with RCW 4.96.020(4) when only 14 days had elapsed between filing a claim of damages with the City and filing the complaint in superior court. *Id*. at 968. To determine substantial compliance, the court considered "the status of Metro Parks' claim investigation, claim evaluation, and pursuit of settlement negotiations." *Id*. Because Mr. Lee had presented no evidence on the progress of the government's investigation, the court affirmed the trial court's dismissal of the case. *Id*. at 968-969.

After summary judgment was entered, an unpublished case was issued that the City also relies on in this appeal, *Toney v. Lewis County*, No. 76030-1-I (Wash. Ct. App. Jan. 30, 2017) (unpublished) www.courts.wa.gov/opinions/pdf/760301.pdf. There the plaintiff served a tort claim notice, but waited only 31 days before serving the summons and complaint; 12 days later the complaint was filed. The appellate court, relying on *Lee*, concluded that substantial compliance "requires Toney to prove that the County had fully investigated, evaluated, and decided whether or not to settle all of Toney's claims prior to when Toney commenced his action." *Id*., slip op. at *5. The plaintiff did introduce two

documents as evidence; however, neither of the documents demonstrated that the County had completed its evaluation of the claim. *Id*. Similar to *Lee*, the dismissal for failure to substantially comply with RCW 4.96.020(4) was affirmed.

In essence, the decisions in *Lee* and *Toney* determined that the avenue for a plaintiff to prove substantial compliance, when he or she has both served and filed a complaint in under 60 days, is to prove that the government entity had already completed the investigation. Mr. Krause distinguishes his case from those cases on the basis that he never *served* the complaint until after the notice period had expired. That distinction is without a difference.

CR 3(a) expressly states that an action is commenced when *either* service *or* filing is effectuated; both actions are not required to commence a civil case. Here, Mr. Krause commenced his case by filing it a mere 9 days after serving his notice of tort claim. That is an even less substantial compliance with the 60 day tort claim notice period than in *Lee*. The act of not serving the City was of no consequence to the question of whether or not Mr. Krause had *commenced* the action during the investigation period. The lack of service *might* have been meaningful if Mr. Krause could demonstrate that the City was ignorant of the filing and otherwise went about its normal claim investigation process unaware that an action had been commenced. Similarly, Mr. Krause was free to make the showing suggested in *Lee*. However, he made neither showing.

No. 35179-3-III
*City of Clarkston, et al v. Krause, et al*

The trial court correctly determined that Mr. Krause did not substantially comply with the notice statute. Accordingly, summary judgment was properly granted.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Pennell, A.C.J.

_____
Siddoway, J.

6