IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | |
|---|---|
| DAVID CEJA, | No. 88178-7-I |
| Appellant, | |
| v. | |
| UNIVERSITY OF WASHINGTON, a Washington State Agency; and THE STATE OF WASHINGTON, | UNPUBLISHED OPINION |
| Respondents. | |

BOWMAN, A.C.J. — David Ceja sued the University of Washington and the state of Washington (collectively UW) for medical negligence. The trial court granted summary judgment for UW and dismissed Ceja's claims under RCW 4.92.110 for suing UW without waiting 60 days after filing his tort claim with the Department of Enterprise Services Office of Risk Management (ORM). Ceja appeals, arguing he substantially complied with the 60-day waiting period. Because a plaintiff must strictly comply with RCW 4.92.110's requirements and Ceja failed to do so, we affirm the trial court's order dismissing his lawsuit.

FACTS

On June 22, 2020, Dr. Carlo Ballabarba and Dr. Kim Driftmier performed spinal surgery on Ceja at Harborview Medical Center.[1] On June 24, Dr. Driftmier

---

[1] Harborview is part of the UW Medicine health care system.

determined that Ceja developed motor weakness and right foot drop. So, the same day, Dr. Bellabarba and Dr. Jonathan Kark performed an "incision and drainage surgery for possible hematoma and possible revision laminectomy." On June 27, Harborview discharged Ceja, and he "still had right foot drop."

On June 5, 2024, Ceja submitted a standard tort claim form under RCW 4.92.100 to ORM, asserting medical negligence claims against UW for "[f]ootdrop resulting from negligence during spine surgery." He also noted that he demanded mediation in a letter dated June 20, 2023. On August 2, 58 days after presenting his tort claim, Ceja sued UW for medical negligence. He alleged he "underwent back surgery" that was "negligently performed, leaving [him] with significant and permanent 'foot drop.' " Ceja served his lawsuit on UW on August 20, 76 days after filing his tort claim.

On November 15, 2024, UW moved for summary judgment, arguing Ceja violated RCW 4.92.110 by failing to give ORM 60 days' notice before commencing his action. UW also argued that the statute of limitations on Ceja's claims expired because it received no good faith request for mediation that would have tolled the statute of limitations for 1 year under RCW 7.70.110. Ceja responded, arguing he did not violate RCW 4.92.110 because he served his complaint against UW after the 60-day notice period. He also argued the evidence shows that he requested mediation, which tolled the statute of

limitations. On December 19, the trial court granted UW's motion for summary judgment and dismissed Ceja's claims with prejudice.[2]

On December 27, 2024, Ceja moved for reconsideration, arguing he "substantially complied with RCW 4.92.110 because the case was not served upon UW until after the statutory waiting period expired."[3] UW responded, asserting that the trial court properly granted summary judgment because Ceja failed to strictly comply with RCW 4.92.110's 60-day waiting period. On April 24, 2025, the trial court denied reconsideration.

Ceja appeals.

ANALYSIS

Ceja argues the trial court erred by granting summary judgment because he substantially complied with RCW 4.92.110's filing requirements. We disagree.

We review a trial court's order granting summary judgment de novo. *Collins v. Juergens Chiropractic, PLLC*, 13 Wn. App. 2d 782, 792, 467 P.3d 126 (2020). We view the evidence and any reasonable inferences in a light most favorable to the nonmoving party. *Id.* We will affirm an order granting summary judgment if there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; CR 56(c).

---

[2] The trial court dismissed Ceja's claims with prejudice rather than without because even assuming RCW 7.70.110 tolled the 3-year statute of limitations under RCW 4.16.350(3) by 1 year and RCW 4.92.110 tolled it another 60 days, his claims expired in August 2024. As a result, the statute of limitations had expired when the trial court granted summary judgment on December 19, 2024.

[3] Emphasis omitted.

Chapter 4.92 RCW governs actions and claims against the state. Under RCW 4.92.100, "[a]ll claims against the state, or against the state's officers, . . . for damages arising out of tortious conduct, must be presented to [ORM]." RCW 4.92.110 provides:

No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until [60] calendar days have elapsed after the claim is presented to [ORM].

We have held that "unlike the content of the filing, the requirement that a plaintiff file the claim under RCW 4.92.110 is strictly enforced." *Kleyer v. Harborview Med. Ctr. of the Univ. of Wash.*, 76 Wn. App. 542, 545-46, 887 P.2d 468 (1995). Failure to properly file the claim results in dismissal of the lawsuit. *Id.* at 546. While the statute's requirements "may seem harsh and technical," a plaintiff must comply with them to sue the state. *Levy v. State*, 91 Wn. App. 934, 942, 957 P.2d 1272 (1998).

Here, Ceja violated the 60-day waiting period under RCW 4.92.110. He filed his complaint against UW only 58 days after presenting his tort claim to ORM. As a result, he did not strictly comply with RCW 4.92.110.[4] So, the trial court properly dismissed his lawsuit.

Citing *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 335 P.3d 1014 (2014), Ceja argues that RCW 4.92.110 requires only "substantial compliance." But that case is not instructive.

---

[4] As much as Ceja argues he commenced the action under RCW 4.92.110 at the time of service, he is incorrect. If a party files a complaint before serving the summons, the filing commences the action for purposes of this statute. *See Schmitz v. State*, 68 Wn. App. 486, 489-91, 843 P.2d 1109 (1993).

In *Lee*, Division Two of this court considered whether substantial compliance applied to RCW 4.96.020(4)'s 60-day waiting period.[5] 183 Wn. App. at 965. RCW 4.96.020(4) provides that "[n]o action subject to the claim filing requirements of this section shall be commenced . . . until [60] calendar days have elapsed after the claim has first been presented to the agent of the governing body." The next provision says, "With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." RCW 4.96.020(5). Division Two determined that because RCW 4.96.020(4)'s waiting period amounts to a procedural requirement under *Waples v. Yi*, 169 Wn.2d 152, 234 P.3d 187 (2010), substantial compliance applies. *Lee*, 183 Wn. App. at 967.

But RCW 4.92.110 has no provision about substantial compliance. While RCW 4.92.100 includes a provision about substantial compliance identical to RCW 4.96.020(5), it is limited to the "procedural requirements in this section." RCW 4.92.100(3). RCW 4.92.110 is a different section with no such language. And we have consistently held that RCW 4.92.110 requires strict compliance.[6] *See, e.g.*, *Kleyer*, 76 Wn. App. at 545-46.

---

[5] Chapter 4.96 RCW governs actions against political subdivisions and municipal and quasi-municipal corporations.

[6] Because we affirm the trial court's dismissal based on Ceja's failure to comply with RCW 4.92.110, we need not address the parties' arguments about whether the statute of limitations was tolled.

We affirm the trial court's order dismissing Ceja's claims with prejudice.

_____, ACJ

WE CONCUR:

_Chung, J._      _Coburn, J._