# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| SHARON MAPLES, an individual, | No. 53738-9-II |
| Appellant, | |
| v. | |
| CHARLES GIEFER, an individual, | UNPUBLISHED OPINION |
| Respondent. | |

CRUSER, J. — Maples appeals the superior court's denial of her motion for reconsideration after it granted Giefer's motion for summary judgment and the dismissal of her negligence claim. Maples argues that the superior court erred in granting summary judgment because Giefer had a duty of ordinary care to Maples, which included a duty to walk in a manner that did not endanger her, and there is a disputed material fact about whether Giefer breached the duty of ordinary care.

We agree that Giefer owed Maples a duty of ordinary care, and there is a disputed issue of material fact about whether Giefer breached that duty. Thus, we hold that summary judgment in favor of Giefer was improper, and we reverse.

## FACTS

On February 10, 2016, Sharon Maples and Charles Giefer had dinner together at a restaurant. As they were leaving the restaurant, they were walking side by side to Maples' car. The lights in the parking lot were on and the asphalt surface was in good condition.

Maples claims that without warning, Giefer "suddenly veered to the left, and stepped in front of me." Clerk's Papers (CP) at 56. Maples states that Giefer placed his foot directly in front of her, and she tripped over him and fell. However, Giefer maintains that Maples "inexplicably tripped and fell." *Id.* at 53. Maples suffered a fractured elbow, head contusion, broken wrist, torn meniscus, a fractured rib, and displaced pelvis.

Maples filed suit against Giefer. Maples alleged that Giefer failed to exercise reasonable care under the circumstances. Maples also alleged that Giefer knew that he had previous balance, vision, and memory issues, which he failed to disclose to Maples.

Giefer moved for summary judgment, arguing that he owed no duty to Maples and maintaining that he had not, in fact, tripped Maples, accidentally or otherwise. Maples responded that Giefer "had a duty to walk in a manner that did not endanger others." *Id.* at 63. Additionally, Maples argued that Giefer breached the duty of care because a reasonable person "would not abruptly change directions and step in front of another person." *Id.* at 65.

At the hearing on the motion for summary judgment, Giefer's attorney claimed that "the fundamental core of this issue is whether a duty should be owed where no affirmative act . . . taken by Mr. Giefer really in essence created a danger to . . . Ms. Maples." Report of Proceedings (RP) at 5. Maples' attorney responded by reiterating that "[t]he issue is that he stepped in front of her and that he tripped her." *Id.* at 8. Maples' attorney pointed out that there is a disputed issue of fact about what occurred because Maples maintained that Giefer stepped in front of her and Giefer insisted Maples fell on her own.

The superior court determined that even viewing the facts in the light most favorable to Maples, "Giefer did not have a legal duty to Ms. Maples to not walk side by side with her." CP at

20. And the court noted that Giefer's decision to walk next to her "does not constitute a failure to exercise ordinary care." *Id.* The court specifically noted that it was not finding whether Giefer had balance issues, it was just relying on facts alleged by Maples. The court concluded that Giefer did not have any reason to anticipate this accident would happen and could not have warned Maples of a balance problem if he was not aware of any problems.

Maples moved for reconsideration. Maples argued that the superior court only considered whether Giefer had a legal duty to refrain from walking side by side with Maples, and whether Giefer had the legal duty to warn Maples of any balance issues. Maples contended that she had not advanced either of those theories; rather, her theory was that there was a general duty to not endanger others while walking. Maples argued that Giefer would know that stepping in front of her could cause her to fall.

The superior court denied the motion for reconsideration. The court noted that it had "specifically found that under the circumstances" Giefer could not foresee that he would suddenly veer left. *Id.* at 10. And the court noted that because it was not foreseeable, there was no duty of care.

Maples appeals the superior court's order of summary judgment and the order denying her motion to reconsider.

## DISCUSSION

### I. STANDARD OF REVIEW

We review an order for summary judgment de novo, performing the same inquiry as the superior court. *Aba Sheikh v. Choe*, 156 Wn.2d 441, 447, 128 P.3d 574 (2006). We review the evidence "in the light most favorable to the nonmoving party and draw all reasonable inferences

in that party's favor." *Boone v. Dep't of Soc. & Health Servs.*, 200 Wn. App. 723, 731, 403 P.3d 873 (2017).

Additionally, we review orders on motions for reconsideration for an abuse of discretion. *Terhune v. N. Cascade Tr. Servs., Inc.*, 9 Wn. App. 2d 708, 727, 446 P.3d 683 (2019), *review denied*, 195 Wn.2d 1004 (2020). The superior court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. *Terhune*, 9 Wn. App. 2d at 727. If the superior court erred in granting the motion for summary judgment, it necessarily abused its discretion in denying the motion to reconsider that decision. *Keck v. Collins*, 181 Wn. App. 67, 94, 325 P.3d 306 (2014), *aff'd* 184 Wn.2d 358, 357 P.3d 1080 (2015).

## II. DUTY OF CARE AND BREACH

Maples contends that Giefer had a duty of ordinary care and that he breached that duty by intentionally walking in front of her and creating a risk that she would fall.

Giefer responds that summary judgment was appropriate because he did not owe Maples a duty. Additionally, Giefer asserts that "[n]o affirmative action by . . . Giefer caused . . . Maples' injuries." Br. of Resp't at 13. Thus, Giefer contends, Maples failed to make the necessary showing that his conduct caused an unreasonable risk of harm.

We conclude that Giefer owed Maples a duty of ordinary care, and there is a genuine issue of material fact about whether Giefer breached that duty. Thus, summary judgment was improper.

A. LEGAL PRINCIPLES

*1. Summary Judgment*

Summary judgment is appropriate when the pleadings, affidavits, depositions, and admissions on file demonstrate the absence of any genuine issues of material fact and the moving

party is entitled to judgment as a matter of law. CR 56(c). A fact is a material fact if the outcome of the litigation depends upon that fact. *In re Estate of Black*, 153 Wn.2d 152, 160, 102 P.3d 796 (2004) (quoting *Balise v. Underwood*, 62 Wn.2d 195, 199, 381 P.2d 966 (1963)). When determining whether a genuine issue of material fact exists, we consider all the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Vargas v. Inland Wash., LLC*, 194 Wn.2d 720, 728, 452 P.3d 1205 (2019). The moving party must prove there is no genuine issue of material fact. *Lee v. Metro Parks Tacoma*, 183 Wn. App. 961, 964, 335 P.3d 1014 (2014).

*2. Negligence*

In any negligence case, the threshold question is whether the defendant owed the plaintiff a duty of care. *Cummins v. Lewis County*, 156 Wn.2d 844, 852, 133 P.3d 458 (2006) (citing *Babcock v. Mason County Fire Dist. No. 6*, 144 Wn.2d 774, 784, 30 P.3d 1261 (2001)). That determination is a question of law. *Cummins*, 156 Wn.2d at 852 (citing *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 128, 875 P.2d 621 (1994)). Under tort law there is "'a duty to exercise reasonable care'" when conduct presents a risk of harm to others. *Air & Liquid Sys. Corp. v. DeVries*, __ U.S. __, 139 S. Ct. 986, 993, 203 L. Ed. 2d 373 (2019) (quoting RESTATEMENT (THIRD) OF TORTS: LIABILITY FOR PHYSICAL AND EMOTIONAL HARM § 7 (AM. LAW INST. 2005).[1] That duty requires that someone "exercise such care as a reasonable person would exercise under the same or similar circumstances." *Mathis v. Ammons*, 84 Wn. App. 411, 416, 928 P.2d 431 (1996).

---

[1] However, generally, an individual does not have a duty to prevent a third party from causing criminal harm to others. *Washburn v. City of Federal Way*, 178 Wn.2d 732, 757, 310 P.3d 1275 (2013). Nor is there a general duty to protect another from self-inflicted harm. *Webstad v. Stortini*, 83 Wn. App. 857, 866, 924 P.2d 940 (1996).

Once a legal duty has been established as a matter of law, then the scope of that duty can be determined by considering the foreseeability of the harm to the plaintiff. *McKown v. Simon Prop. Grp., Inc.*, 182 Wn.2d 752, 763, 344 P.3d 661 (2015). "Foreseeability is used to limit the scope of the duty owed because actors are responsible only for the foreseeable consequences of their acts." *Schooley v. Pinch's Deli Mkt., Inc.*, 134 Wn.2d 468, 477, 951 P.2d 749 (1998) (citing *Burkhart v. Harrod*, 110 Wn.2d 381, 395, 755 P.2d 759 (1988)). Foreseeability is normally for the trier of fact, but it can be decided as a matter of law if reasonable minds cannot differ. *Lee v. Willis Enters., Inc.*, 194 Wn. App. 394, 401-02, 377 P.3d 244 (2016).

B. ANALYSIS

Here, the superior court erred in ruling that Giefer did not owe a duty to Maples. In ruling that Giefer was entitled to summary judgment, the superior court recharacterized the duty as Giefer "not [having] a legal duty to Ms. Maples to not walk side by side with her," as opposed to having a duty of ordinary care. CP at 20. The superior court's reasoning for characterizing the duty in this way was because it determined that Giefer could not have foreseen that he would walk into the path of Maples. However, because the parties fundamentally disagree on what occurred, it was error for the superior court to recharacterize the duty and rule that Giefer had no duty to Maples.

Also, there is a disputed material fact about whether Giefer breached his duty of care. Maples asserts that Giefer intentionally walked in front of her. Giefer claims that he did not step in front of Maples and that she fell of her own accord. This is the central factual question of the case and it is in dispute. Because the parties disagree on the central fact of the case—whether Giefer actually tripped or collided with Maples—it was error for the superior court to grant summary judgment. *Keck v. Collins*, 184 Wn.2d 358, 370, 357 P.3d 1080 (2015).

III. MOTION FOR RECONSIDERATION

Neither party provides this court with any argument pertaining to the order denying the motion to reconsider. However, we conclude that the superior court abused its discretion when it denied the motion for reconsideration because, as discussed above, the superior court improperly granted summary judgment.

In denying the motion for reconsideration, the superior court characterized its ruling on summary judgment this way: *even if* Giefer veered into Maples, and his veering into her was the actual cause of her fall, his doing so was not foreseeable to him, and therefore he neither owed Maples a duty of care nor breached that duty of care. Essentially, the superior court found Giefer's action was involuntary. But as noted above, whether the step was involuntary or voluntary is a disputed material fact. And summary judgment is improper in the face of a disputed material fact. CR 56(c).

Therefore, we conclude that the superior court abused its discretion because in denying the motion for reconsideration, it based its denial on the improper granting of summary judgment.

CONCLUSION

We hold that summary judgment was improper because Giefer owed Maples a duty of ordinary care and there is a disputed issue of material fact as to whether he breached that duty. Further, we hold that the superior court abused its discretion in denying the motion for reconsideration because the superior court improperly granted the motion for summary judgment.[2]

---

[2] We decline to consider Maples' arguments regarding the admission of medical records because the superior court has yet to rule on this matter and it is outside the scope of our review. Additionally, it is not relevant to the issue of summary judgment.

Accordingly, we reverse the order of summary judgment and the order denying Maples' motion for reconsideration.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, J.

We concur:

LEE, C.J.

SUTTON, J.

---

Furthermore, we decline to consider Maples' arguments regarding the assumption of risk because we reverse the summary judgment order on other grounds.